**WALL et al. v. WALL et al.**

No. 5546.

Court of Civil Appeals of Texas. Amarillo.

April 19, 1943.

Rehearing Denied June 7, 1943.

Jesse J. Bartlett, of Austin, for appellants.

White, Taylor & Chandler, of Austin, for appellees.

STOKES, Justice.

This suit was originally instituted by Nora Wall joined by her husband, W. H. Wall, in behalf of herself and her sister, Pearl Denniston, a person of unsound mind and of whose person and estate Nora Wall was the duly appointed and acting guardian, Ruth Lewis joined by her husband, Clarence Lewis, Robert Denniston, Nolan Denniston, and Lillie Williamson joined by her husband, Will Williamson, as plaintiffs, against Viola Wall and her husband, T. B. Wall, and Lloyd Denniston, as defendants. The purpose of the suit was to obtain a partition of 200 acres of land formerly owned by Thomas Denniston and his wife, Frances, both deceased, who were the parents of the plaintiffs and defendants. The 200 acres had been the homestead of the parents and constituted all of the land owned by them at the respective dates of their deaths. Nora Wall joined her ward, Pearl Denniston, as a plaintiff in the case without procuring an order from the county court where the guardianship was pending authorizing her to join as a plaintiff in the suit, as provided by Article 4223a, Vernon's Ann.Civ.St. On June 14, 1938, the cause was regularly reached and called for trial and plaintiffs appeared and announced ready but the defendants did not appear. The court proceeded with the trial of the case and at its conclusion found and adjudged that the plaintiffs and defendants were the sole owners of the land, each owning an undivided one-eighth interest therein; that it was not subject to a fair and equitable partition in kind; and that a receiver should be appointed to take charge of the property, manage, control, and rent the same pending a sale thereof. T. L. Hammons was appointed as such receiver and was directed to sell the land at private sale as soon as possible for the best price obtainable and make due report thereof to the court. The court found that pursuant to the order appointing him, the receiver made diligent efforts to sell the land, offering it to various persons, and that the two best bids received therefor were one of $2,100 made by a stranger to the proceeding, and one of $2,500 made by W. H. Wall, the husband of Nora Wall who, as we have said, was the guardian of her sister, Pearl Denniston, a non compos mentis. The latter bid was accepted and the land sold to W. H. Wall. The receiver reported the sale to the court on December 14, 1938, and after hearing and considering the report and the evidence in support thereof, the court approved the sale and entered an order directing the receiver to execute a deed to the purchaser, receive the purchase price, and after paying the costs distribute the proceeds remaining among the plaintiffs and defendants in proportion to their respective interests. These instructions were carried out by the receiver, and each of the parties to the proceeding received $252.68 as his share.

At the December term 1941 of the district court, this proceeding in the nature of an equitable bill of review was instituted by Ruth Lewis joined by her husband, Clarence Lewis, Viola Wall joined by her husband, T. B. Wall, Lillie Williamson joined by her husband, Will Williamson, Robert Denniston, and Nolan Den-

niston against appellees, Nora Wall and her husband, W. H. Wall. On August 25, 1941, the probate court of Burnet County having removed appellee, Nora Wall, as guardian of the person and estate of Pearl Denniston and appointed C. O. Frazier as such guardian, Frazier, in his capacity as guardian, intervened in the proceeding whereupon all of the plaintiffs filed an amended petition in which they adopted the pleadings of the guardian.

The purpose of the plaintiffs and intervenor in prosecuting the bill of review was to set aside the partition proceeding and the sale of the land to appellee, W. H. Wall, upon the grounds that the then guardian, Nora Wall, did not procure authority from the probate court to enter her ward, Pearl Denniston, as a party plaintiff in the original partition proceeding; that the property was purchased at the receiver's sale by W. H. Wall who was the husband of the guardian of Pearl Denniston; and that the price for which the property was sold was inadequate. The case was tried by the court without the intervention of a jury and judgment rendered denying the plaintiffs any relief. They duly excepted to the judgment and perfected an appeal to the Court of Civil Appeals of the Third District at Austin, and upon an order of the Supreme Court equalizing the dockets of the Courts of Civil Appeals the case has been transferred to this Court and is now before us for review.

The court having found that the land brought an adequate price, appellants assail the judgment upon two other grounds. They contend, first, that the court erred in holding that the partition proceeding was valid as to Pearl Denniston, because appellee, Nora Wall, was her guardian and failed to obtain from the probate court authority to join her ward as a plaintiff in the partition suit as provided by Article 4223a, Vernon's Ann.Civ.St., and, secondly, in holding that the sale of the property was valid as against Pearl Denniston, because the husband of appellee, Nora Wall, purchased the land at the commissioner's sale, paying for it with community funds of himself and wife Nora Wall, which, in effect, was a purchase by Nora Wall, the guardian, in violation of the provisions of Article 4205, R.C.S.1925.

Section 6 of Article 4223a, invoked by appellants under their first contention, provides: "If the guardian of the estate of a minor is of the opinion that it is for the best interest of said ward's estate that any real estate which said ward owns in common with other part owner or owners should be partitioned he may apply to the court in which guardianship proceedings are pending for authority to bring suit in the District Court of the proper county against the other part owners for the partition of such real estate, and if the court hearing such application is of the opinion that such real estate should be partitioned, it shall enter an order authorizing suit to be brought for said purpose." While the statute does not specifically include guardians of persons non compos mentis, we think it may be assumed that it was the intention of the lawmakers to include them, since we conceive of no reason why such a requirement should be made of guardians of minors to the exclusion of guardians of other like dependents. Article 4274, R.C.S.1925. It will be noted that the statute does not attempt to deal with the jurisdiction of the district courts nor attempt to prohibit guardians from instituting such proceedings without first obtaining such authority. Its terms are permissive in their nature and apply only to guardians and provide a means by which they may obtain authority from the probate court to proceed as plaintiffs in partition proceedings. We do not think the statute can be extended so as to interfere with the jurisdiction of the district courts or prohibit a guardian from instituting in a district court a proceeding to partition land in which his ward has an interest. Equitable jurisdiction to partition land is included in the jurisdiction given to district courts by Article 5, Section 8 of our Constitution, Vernon's Ann. St., which provides that the district courts shall have original jurisdiction of all suits, complaints, or pleas whatever without regard to any distinction between law and equity. By giving to such courts statutory authority to partition land it was not intended to take away nor abridge the equitable jurisdiction to effectuate that relief, nor do we think such was the purpose or effect of the statute in question. Moore v. Blagge, 91 Tex. 151, 38 S.W. 979; Laird v. Gulf Production Co., Tex.Civ. App., 64 S.W.2d 1080; American Indemnity Co. v. Padgett, Tex.Civ.App., 136 S. W.2d 254. Indeed, Article 6106 of the Revised Statutes specifically provides that

none of the provisions of the partition statutes shall affect the mode of proceeding prescribed by law for partition of estates nor preclude partition in any other manner authorized by the rules of equity. Thus the Legislature, as well as the Constitution, has shown a disposition to preserve that jurisdiction to the district courts and certainly it would be in disregard of that policy to hold that by implication the lawmaking body had destroyed it, or even interfered with it, by the enactment of Article 4223a. The jurisdiction includes the power to entertain all partition suits. If Section 6 of Article 4223a should be given the construction for which appellants contend, it would interfere with the equitable jurisdiction of the district courts in partition suits and deny them the right to entertain such suits in behalf of guardians and their wards unless such guardians first procured from the probate court in which the guardianship was pending specific authority to institute them. In our opinion, such interference was not intended by the Legislature. Constitutional and statutory provisions concerning the jurisdiction of the courts must be interpreted and construed in such manner as to harmonize the jurisdiction of the several courts composing the system of jurisprudence so that each court will be free to exercise the powers committed to it without conflict with the jurisdiction confided to any other tribunal. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641. We find no merit in appellants' first contention and their assignment of error in respect thereto will be overruled.

Under their second assignment appellants contend that the court erred in holding that the sale of the 200 acres of land was valid as against Pearl Denniston, because W. H. Wall, the husband of Nora Wall who was then the guardian of Pearl Denniston, was the purchaser at the sale. The trial court found, and it was undisputed, that W. H. Wall was the husband of the guardian and that the land was paid for with community funds. There is no doubt, therefore, that if the sale was valid, appellee Nora Wall procured an undivided one-half interest in all of the land through the purchase by her husband and thereby became possessed of property that had belonged to the estate of her ward. We think, therefore, that this contention of appellants must be sustained.

Appellees answer this contention by the assertion that Nora Wall was a joint owner of the property involved in the partition suit; that it was not sold by her, but by a commissioner under the order of the district court in the partition suit; and that therefore she and her husband had the legal right to protect her interest and acquire the property, especially since he was the highest bidder therefor. As authority for this contention, they cite us to the cases of Howards v. Davis, 6 Tex. 174, and Marsh v. Hubbard, 50 Tex. 203, wherein the Supreme Court held that a trustee in a mortgage was not prohibited from buying land at his own sale. A number of cases from other jurisdictions are also relied upon by appellees, some of which hold that administrators, executors, and guardians are permitted to purchase at foreclosure sales the property of estates represented by them where the administrators, executors, or guardians own an undivided interest in the property. We think, however, that the question has been settled in this State adversely to appellees' contention by the Supreme Court in the case of Mitchell v. Thompson, Tex.Com.App., 292 S.W. 862, 863. In that case D. C. Thompson was the father of the plaintiffs in error, who were minors, and he instituted a suit as their next friend to partition certain land belonging to the minors. An agreed judgment was entered in which the land was partitioned, the title to 22 acres vested in one of the defendants, and title to the remaining 86 acres was vested in D. C. Thompson, the next friend of the minors, upon his executing certain notes and delivering them to the commissioner appointed by the court, which notes were payable to the minors and represented their respective interests in the land. This was plainly an equitable partition of the land involved and, while it does not appear that the father and next friend owned an interest in the land, the Court held that, since under Article 1994, R.C.S., one appearing in court as next friend of minors occupies the position and assumes all of the responsibilities of a guardian, he can not make use of the courts to acquire an individual interest in the property belonging to the estates of the minors. The Court said: "To permit him to purchase the property of the minor whom he represents would be to allow his interest to become antagonistic to the minor's interest, and this it is the policy of the law to for-

bid." Further along in the opinion the Court observed: "Had D. C. Thompson been the duly qualified and acting guardian of plaintiffs in error, and had he instituted and prosecuted the partition suit as such guardian, the sale made to him through the commissioner, would, in contemplation of article 4205, have been a sale made by him to himself, and for this reason prohibited." In the instant case it is obvious that Mrs. Wall made use of the courts to acquire an individual interest in the property and this she is not permitted to do. Her ownership of an undivided interest in the land does not change the rule.

 Appellees contend further that since the court ordered the land to be sold and the proceeds divided among the owners, there was no conflict of interests between Nora Wall, the guardian, and her ward, and the statute is not applicable. Unfortunately for appellees, the Supreme Court held otherwise when, in the Mitchell case, it said that to permit Thompson to purchase the property of the minor whom he represented would be to allow his interest to become antagonistic to the minor's interest. Furthermore, the statute, Article 4205, does not provide for any such exception, nor does it indicate in any way that its provisions should not apply under such circumstances. Its provision is that "the guardian shall not become the purchaser either directly or indirectly of any property of the estate sold by him * * *." It provides further that if the guardian should become the purchaser, the sale shall be held void and set aside by order of the court in a proper proceeding These provisions are mandatory and admit of no exception whatever. The statute is plain and unambiguous and it is a well-settled rule of interpretation that when the purpose of a legislative enactment is obvious from the language used by the lawmakers, there is nothing left to construe. In Dodson v. Bunton, 81 Tex. 655, 17 S.W. 507, 508, our Supreme Court said: "In such case it is vain to ask the courts to attempt to liberate an invisible spirit, supposed to live concealed within the body of the law, and thus interpret away the manifest legislative intention by embracing subjects not fairly within the scope of the statute. The courts must enforce the laws as the legislature has made them, and, if the state of the case here presented requires regulating, relief must be had in the legislative de-

partment." Even if the courts were disposed, they are without authority to change by interpretation the plain and unambiguous meaning of language written in statutes enacted by the lawmaking body. McCutcheon & Church v. Smith, Tex.Civ. App., 194 S.W. 831. If hardship is imposed by the law upon guardians who happen to hold undivided interests in the property of their wards by depriving them of an opportunity to protect their own interests therein, escape from it cannot be effected by flexing the statute. When conflict of interests appears, the court is authorized to substitute the guardian and exercise discretion in the protection of all interests involved. Jones v. Chronister Lumber Co., Tex.Civ.App., 204 S.W. 704.

 In our opinion, the sale of the interest of Pearl Denniston to W. H. Wall, the husband of her guardian, was in effect a sale to, and purchase by, the guardian. Under Article 4205, R.C.S., it was void and the court below erred in holding otherwise. The judgment will therefore be reversed, and the cause remanded with instructions to proceed as though no sale of the land had been made by the commissioner.

### On Motion for Rehearing.

Appellees contend that we erred in the original opinion in denying their propositions, first, that the guardian had the right to purchase the land, including the undivided interest of her ward, because the guardian had an interest in it which she had the right to protect, and, secondly, that, even if the sale was void as to Pearl Denniston, the ward of Mrs. Wall, it was not void as to the other owners of undivided interests.

In view of the earnestness with which the eminent counsel for appellees urge these contentions, we have again reviewed the entire record and the authorities cited by them, as well as many others, and find no occasion to change our holding.

While in some jurisdictions the rule which prohibits fiduciaries from purchasing the property of their wards or cestuis que trustent at public or private sales has been relaxed in cases where the trustees or fiduciaries had personal interests to protect (Batson v. Etheridge, 239 Ala. 535, 195 So. 873), in others such right has been denied upon the established principles of equity alone. Smith v. Strickland, 139 Miss. 1,

103 So. 782. In this State the matter, in its relation to guardians, is controlled by a statute which is positive in its terms and in which no exceptions are provided. Article 4205, R.C.S.1925. In so far as the land of the ward here involved is concerned, there can be no doubt that the sale to, and purchase by, W. H. Wall was ineffective and void. Under the plain provisions of the statute, the courts have no alternative, when a proper proceeding is instituted, but to declare it so and set it aside. They have no power to manufacture exceptions and neutralize the mandatory provisions of the statute.

■ As to the second proposition urged by appellees in the motion, we think it may well be conceded that the owners of the land, other than the ward, Pearl Denniston, have no legal ground of complaint. The sale was fairly made and the land brought a fair price. No fraud is shown on the part of W. H. Wall, the purchaser, nor his wife, Nora Wall, the then guardian of Pearl Denniston. Pearl Denniston, however, was a plaintiff in the original petition for partition. As such, she had the right to have the 200 acres of land partitioned and, inasmuch as all of the parties admitted, and the court found, that it was not susceptible of partition in kind, she had the right to have it sold and the proceeds partitioned between her and the other owners. If we should hold the sale to be valid as· to all of the other owners and declare it void as to Pearl Denniston, then she has not been accorded any relief. She still has an undivided one-eighth interest in the land and the remaining seven-eighths belong to W. H. Wall and his wife instead of to the other children of the deceased parents. Instead of being granted the relief for which she sued, her condition has been made more onerous. In order to obtain the relief for which she originally sued, she would be put to the necessity of filing another suit against the new owners and again trailing through all of the formalities through which she has already gone in order to obtain the relief to which she was entitled in this case. Even then, appellees would find themselves in exactly the same position in which they were prior to the sale that has already been attempted, save only in the proportion of interest held by them in the land. It is obvious, we think, that our practice requires no such useless procedure. The only alternative available to the ward would be to have her one-eighth undivided interest sold separately and, in view of the undisputed evidence and the finding of the court that it is not susceptible to partition in kind, it is obvious that no one would be interested in purchasing it except the owners of the remaining seven-eighths, and she would, therefore, be thrown entirely upon their mercy as to the price she would obtain at the sale. We are therefore not in accord with appellees in the contentions presented in the motion.

■ Appellees claim that, in disposing of the case, we did not require restitution of the purchase price paid by them when they purchased the land at the commissioner's sale. The judgment of the trial court was reversed and the sale was set aside. The trial court was instructed to proceed as though no sale had been attempted by the commissioner. When the case again reaches the trial docket and is called for hearing, the court has ample authority to adjust the equities and require return of the purchase money. Indeed, its return is demanded by the reversal. Peticolas v. Carpenter, 53 Tex. 23; Brinegar v. Henderson Hardware Co., Tex.Civ. App., 95 S.W.2d 740. We think it unlikely that any difficulty will arise in this connection, however, because appellants tendered these funds in their pleadings and they constitute all of the purchasers who received any of the money.

The motion will be overruled.