**WALL et al. v. WALL et al.**

No. 9449.

Court of Civil Appeals of Texas. Austin.

June 21, 1944.

Rehearing Denied July 12, 1944.

Jesse J. Bartlett, of Austin, and Clarence A. Guittard, of Dallas, for appellants.

White, Taylor, & Chandler, Ike D. White, and H. Grady Chandler, all of Austin, for appellees.

BAUGH, Justice.

This case arose as follows: Originally filed in 1938 as a partition suit between the eight children of Thos. Denniston and wife, Frances Ann Denniston, both of whom died intestate, for the partition of 200 acres of land in Burnet County. One of the heirs, Pearl Denniston, was non compos mentis, and Nora Wall, her sister, was guardian of her estate. The trial court found that the land was incapable of partition, ordered it sold by a commissioner appointed for that purpose, such sale was made and W. H. Wall became the purchaser thereof on December 14, 1938, for $2,500, he being the highest bidder. This sale was approved and the proceeds, less costs and expenses, distributed equally between the eight surviving children. On October 10, 1941, seven of the children, including the non compos mentis, represented by the other six as next friend, filed suit in the District Court to set aside the original sale, on the ground that it was void because in violation of Art. 4205, R.C.S., in that when said land was purchased by W. H. Wall, husband of Nora Wall, guardian of the estate of Pearl Denniston, Nora Wall, his wife, acquired a community interest in the purchase, and the result was that she was in effect purchasing the property of her ward in violation of that statute. Meantime, subsequent to the original sale and prior to the filing of that suit, the LCRA had condemned and purchased for flowage purposes 102 acres of the land in question, and had paid into the County Court of Burnet County therefor the sum of $3,646. The trial court held the original sale valid and denied the plaintiffs in that suit any recovery. From that judgment the plaintiffs appealed to this court, and the case was transferred to the Court of Civil Appeals at Amarillo, Texas. That Court, in an opinion reported in 172 S.W.2d 181, 185, reversed and remanded the judgment of the trial court, "with instructions to proceed as though no sale of the land had been made by the commissioner."

Upon a retrial of the case the court ordered the land again sold as a whole, and, after adjusting certain equities based upon jury findings, awarded ⅞ of the proceeds, including the $3,646 paid into court by the LCRA, to Nora Wall and husband, W. H. Wall; and the remaining ⅛, less the amount received by her from the original sale, was awarded to the non compos mentis; and denied all the other children (referred to as the six sui juris appellants) any recovery or further participation in the proceeds to be derived from another sale of the land. From this judgment the plaintiffs below have appealed.

The sole question presented is whether the trial court, in the judgment herein

appealed from, complied with the decision and judgment of the Court of Civil Appeals reported in 172 S.W.2d 181.

The appellants present five points urging, in substance, that when the Court of Civil Appeals reversed and remanded the former judgment, "with instructions to proceed as though no sale of the land had been made by the commissioner," the result was that the former sale was held void as to all joint owners of said land; that such owners thereupon held the same interests in said land inherited from their parents, as though no sale had ever been made, and were therefore entitled to participate pro rata in whatever proceeds might be derived from a new sale of the land, less credits against their respective interests of the sums of money paid to them in 1938 as a result of the original sale. That consequently the court erred in denying the sui juris appellants any right to participate in the proceeds to be derived from a resale of the land.

■ As propositions of law the contentions made by the appellants may be conceded. That is, that when a judgment of the trial court is reversed and remanded for a new trial the trial court is bound by the decision and judgment of the appellate court as the law of the case, and as res adjudicata of the issues determined on the appeal, and should follow the holdings and instructions of the appellate court upon a retrial of the case. The inquiry here presented is whether or not, in the judgment here appealed from, the trial court has complied with the decision and instructions of the Court of Civil Appeals on the former appeal.

Some difficulty arises from the language of that court on the motion for rehearing to the effect "the trial court was instructed (in the order of reversal) to proceed as though no sale had been attempted by the commissioner. When the case again reaches the trial docket and is called for hearing, the court has ample authority to adjust the equities and require a return of the purchase money. Indeed, its return is demanded by the reversal. Peticolas v. Carpenter, 53 Tex. 23; Brinegar v. Henderson Hardware Co., Tex.Civ.App., 95 S.W.2d 740. We think it unlikely that any difficulty will arise in this connection, however, because appellants tendered these funds in their pleadings and they constitute all of the purchasers who received

any of the money." Obviously the last sentence is inaccurate for the reason that the appellees in that case, Nora Wall and W. H. Wall, were the purchasers of the land at the original sale, and none of the appellants referred to bid on the land or purchased any part of it. From the language used it might be inferred that the Amarillo Court was of the opinion that when the original sale was set aside, all of the appellants on that appeal became reinvested with their original interests in the land, and that, subject to a return by them of the purchase price paid to them by W. H. Wall in 1938, they would be entitled to participate pro rata in the proceeds to be derived from the subsequent sale. Notwithstanding such language, however, we do not construe the language of the opinion of the Court of Civil Appeals at Amarillo as so holding. A careful reading of the entire opinion on the former appeal clearly demonstrates that the sole and controlling objective of that court was the protection and safeguarding of the rights and interests of the non compos mentis, Pearl Denniston. The language used by the court in writing on the motion for rehearing must be construed in the light of the contentions made by the appellees therein. Those contentions were that if the original sale of the land be held void in any respect, it was void only as to the $\frac{1}{8}$ interest owned by the non compos mentis; that the original sale was valid and should be upheld as to the other six sui juris appellants; and that, therefore, a resale, if authorized, should be confined to the resale of the ward's undivided $\frac{1}{8}$ interest in the land. In discussing such contentions on motion for rehearing the court expressly stated that the six sui juris appellants "have no legal ground of complaint. The sale was fairly made and the land brought a fair price. No fraud is shown on the part of W. H. Wall, the purchaser nor his wife Nora Wall, the then guardian of Pearl Denniston." The ground stated in the opinion for overruling appellees' contention that the original sale be validated as to the six sui juris appellants was, that to do so would not only offer no relief to the non compos mentis, but would result in leaving her condition more onerous. That to sell only her $\frac{1}{8}$ interest in the land with W. H. Wall holding the other $\frac{7}{8}$ interest would discourage bidders and probably result in her $\frac{1}{8}$ interest bringing less money than it

was actually worth; and that the best way to assure her interest bringing its full value would be by the sale of the land in its entirety as though no previous sale had been made. Obviously, therefore, the court had in mind two objectives in its remand of the case: 1) the protection and preservation in full of the rights of the non compos mentis by sale of the entire tract; and 2) the adjustment, by the trial court, of all the equities as between all the parties to the suit. This latter power the trial court obviously had, in the event of such resale, whether directed to do so by the appellate court or not. We are not seriously concerned with the language used by the trial court in its findings of fact to the effect that the sui juris appellants were estopped by their conduct to assert any claim in such proceeds. The nomenclature is unimportant. The result of the findings and judgment of the trial court was an attempt to fully protect the interests of the non compos mentis and to adjust the equities of all parties to the suit in the light of all the facts and circumstances and of the previous procedures in the partition proceedings.

 In the light of such circumstances, the trial court was clearly authorized to find, and so adjudge, that the sui juris appellants had no equitable right to participate in the proceeds to be derived from a subsequent sale. The Amarillo Court definitely decided that they had no legal right to complain. The land, as to them, had already been sold at a fair price, without fraud, in good faith, the purchase money paid to and accepted by them in 1938. Merely because it was invalid as to the ward's interest, and that subsequent to their acceptance of a fair price for their respective interests in 1938, circumstances then unknown have occurred which thereafter increased the value of the land, affords them no equitable grounds to thereafter participate in such increased value, after they had been paid all their interests were then worth, in good faith, and had accepted same. If, instead of an increase, the value of the land had depreciated, the purchaser in 1938 could not be heard to say that he was entitled to recover from them the difference caused by the depreciation. Obviously the rule should work both ways.

It is our opinion that the trial court in its judgment substantially complied with the judgment and decision of the appellate court in reversing the former judgment.

Finding no error the judgment of the trial court is affirmed.

Affirmed.