VIOLA WALL ET AL V. NORA WALL ET AL.

No. A-310. Decided January 17, 1945.
Rehearing overruled March 28, 1945.
(186 S. W., 2d Series, 57.)

*Clarence A. Guittard*, of Dallas, for petitioners.

*White, Taylor & Chandler* and *George E. Shelley* and *David L. Tisinger*, all of Austin, for respondents.

MR. JUDGE BREWSTER, of the Commission of Appeals, delivered the opinion for the Court.

This is a suit by Viola Wall et al, petitioners, against Nora Wall et vir, respondents, to set aside a receiver's sale under a decree of partition.

This is the second appeal, and the complaint is that the courts below have misconstrued the opinion handed down by the court of civil appeals on the first. The opinion on the first appeal, by the Armarillo Court of Civil Appeals, appears in 172

S. W. (2d) 181; that on this appeal, by the Austin Court of Civil Appeals, in 181 S. W. (2d) 844.

The eight parties at interest, brothers and sisters, inherited 200 acres of land from their parents. One heir, Pearl Denniston, was non compos mentis, so her sister, Mrs. Nora Wall, a respondent here, qualified as guardian of her person and estate. Thereafter Nora Wall, for herself and as guardian, joined by four of the other heirs, filed suit against the other two, Viola Wall, a petitioner here, and Lloyd Denniston, to partition the land. The court found that the parties were the sole owners of the land, that each owned an undivided 1/8th interest, and that the tract could not be equitably partitioned in kind. A receiver was appointed to sell it at private sale. In due time he reported that he had received two bids, the larger by W. H. Wall, husband of Nora Wall, guardian of Pearl Denniston; that Wall's bid had been accepted and the land sold to him. This report was approved and the receiver was ordered to execute a deed to Wall and to distribute the proceeds to the parties after payment of costs. All this the receiver did, paying to each party $252.68.

Some three years later this suit was filed as a bill of review against Nora Wall and W. H. Wall by all other parties to the original suit. Just prior thereto Nora Wall had been removed as guardian for Pearl Denniston and one Frazier had been appointed. Frazier, as guardian, intervened as a plaintiff, and he is a petitioner here. The purpose of this suit was to set aside the sale to Wall on the ground, among others, that it was void as to Pearl Denniston because Wall was her guardian's husband and paid for the land with community funds, which, in effect, made the transaction a purchase by the guardian, in violation of Art. 4205, R. S., 1925.

The trial court found that Wall had paid for the land with community funds, but denied the plaintiffs any relief.

The court of civil appeals held, "In our opinion, the sale of the interest of Pearl Denniston to W. H. Wall, the husband of her guardian, was in effect a sale to, and purchase by, the guardian. Under Article 4205, R. C. S., it was void and the court below erred in holding otherwise. The judgment will therefore be reversed, and the cause remanded with instructions to proceed as though no sale of the land had been made by the commissioner." 172 S. W. (2d) 181, 185. The judgment of the court of civil appeals was: "It is therefore considered, adjudged and ordered that the judgment of the court below be reversed

and the cause remanded *with instructions to proceed as though no sale had been made by the commissioner, in accordance with the opinion of this Court."* (Italics ours.)

Thereafter Nora Wall et al applied to this court for writ of error. One point of error assigned was that "the parties to this suit, except the non compos mentis, are adults who accepted their prorata part of the proceeds of the sale and are bound by it, and the sale is, therefore, binding upon them, and they are estopped from asserting *the invalidity of the sale as to them,* and the Court of Civil Appeals *erred* in reversing this cause and *directing that it be proceeded with as though no sale of the land had been made by the receiver."* (Italics ours.)

We refused the application for want of merit.

The trial court again ordered the land sold as a whole. No question was raised by any party either as to that phase of the judgment or as to the legality of the sale made pursuant thereto. But the trial court further decreed that, after the adjustment of certain equities between the parties, 7/8th of the proceeds (including $3,646 which had been paid into court upon condemnation proceedings by LCRA against 102 acres of the tract) be paid to Nora Wall and her husband, and the other 1/8th, less what she received from the original sale, to Frazier as guardian of Pearl Denniston, but denied any recovery to the other six plaintiffs.

On appeal the question was whether that order of distribution was in compliance with the judgment of the court of civil appeals.

■ In deciding that question we need not determine whether the judgment on the first appeal is the law of the cause and binding upon us on this appeal. In refusing the application for writ of error for want of merit, we approved a judgment which not only remanded the cause but instructed the trial court how to proceed at a second trial. Under such circumstances we do not feel called upon to consider whether that action should now be undone. Kempner v. Huddleston, 90 Texas, 182, 37 S. W., 1066. What we have to determine, therefore, is whether the trial court proceeded in the second sale "as though no sale had been made by the commissioner, in accordance with the opinion" of the Amarillo Court of Civil Appeals.

On this appeal the court of civil appeals held that the judgment of the trial court substantially complied with the first de-

cision of the court of civil appeals; that although "from the language used it might be inferred that the Amarillo Court was of the opinion that when the original sale was set aside, all of the appellants on that appeal became reinvested with their original interests in the land, and that, subject to a return by them of the purchase price paid to them by W. H. Wall in 1938, they would be entitled to participate pro rata in the proceeds to be derived from the subsequent sale * * * We do not construe the language * * * as so holding"; that the "sole and controlling objective of that court was the protection and safeguarding of the rights and interests of the non compos mentis," which had been fully accomplished by the trial court's judgment; and that, therefore, "the trial court was clearly authorized to find, and so adjudge, that the sui juris appellants had no equitable right to participate in the proceeds to be derived from a subsequent sale." 181 S. W. (2d) 844.

We cannot approve that holding.

■ What the court of civil appeals held on the original appeal is plainly stated in its opinion on motion for rehearing. (172 S. W. (2d) 185.) Relevant excerpts therefrom are: *"Appellees contend that we erred in the original opinion in denying their proposition, * * * secondly, that, even if the sale was void as to Pearl Denniston, * * * it was not void as to the other owners of undivided interests.* In view of the earnestness with which the eminent counsel for appellees urge these contentions, we have again reviewed the entire record and the authorities cited by them as well as many others, *and we find no occasion to change our holding.* * * * We think it may be conceded that the owners of the land, other than the ward, Pearl Denniston, however, have no legal ground of complaint. * * * Pearl Denniston, however, was a plaintiff in the original petition for partition. As such, she had the right to have the 200 acres of land partitioned and, inasmuch as all of the parties admitted, and the court found, that it was not susceptible of partition in kind, she had the right to have it sold and the proceeds partitioned between her and the other owners. *If we should hold the sale to be valid as to all of the other owners and declare it void as to Pearl Denniston, then she has not been accorded any relief."* (Italics ours.) It is obvious, therefore, that the sale was held void not only as to Pearl Denniston's interest but as to the interests of all other owners as well.

But it is argued that the interests of Pearl Denniston were fully protected in the second sale, therefore the trial court was

authorized to adjudge that the sui juris petitioners had no equitable right to participate in the proceeds of that sale. That it was not so authorized but was directed to the contrary clearly appears from the language of the final paragraph of the opinion on motion for rehearing (172 S. W. (2d) 186) : "Appellees claim that in disposing of the case, *we did not require restitution of the purchase price paid by them* when they purchased the land at the commissioner's sale. The judgment of the trial court was reversed and the sale was set aside. *The trial court was instructed to proceed as though no sale had been attempted* by the commissioner. When the case again reached the trial docket and is called for hearing, the court has ample authority to adjust the equities *and require return of the purchase money. Indeed, its return is demanded by the reversal.* * * * We think it unlikely that any difficulty will arise in this connection, however, because *appellants* tendered these funds in their pleadings and they constitute all of the purchasers (parties?) who received any of the money." (Italics ours.)

If it was meant, in the face of an express holding that the first sale was void as to all owners, that the respondents were to get 7/8th of the proceeds of a second sale, then why was it expressly required that all the purchase money paid at the first sale be returned to them? Surely no one would contend that they were entitled to both. Moreover, to award them 7/8th would not be "to proceed as though no sale had been attempted" because, before the first sale, they admittedly owned only an undivided 1/8th interest in the land.

The holding that the sale was void as to all parties, followed by a reversal and remand with instructions (1) that the trial court proceed as if no sale had been attempted and (2) that all parties return the purchase money to respondents clearly and necessarily implied that the attempted sale divested no party of his 1/8th undivided interest in the land. Obviously, therefore, it could not have been meant that respondents were to get 7/8th of the proceeds of the second sale.

Respondents bought at the sale charged with knowledge that they were doing so in violation of Art. 4205, R. S., 1925. Therefore, they cannot now complain that inequities may result from the court's holding that the sale was void and that they got nothing therefrom.

The judgments below, in so far only as they relate to the adjustment of equities and to the disposition of the proceeds of

the second sale and the LCRA money, are reversed and the cause is remanded to the trial court with instructions (1) to adjust the equities between the parties on the basis of title in each heir to an undivided 1/8th interest in the land at the time of the second sale and (2) to divide what remains of the proceeds of that sale and the $3,646 paid into court from the LCRA condemnation proceedings equally among the several claimants, that is, 1/8th to each petitioner and 1/8th to respondent Nora Wall.

Opinion adopted by the Supreme Court January 17, 1945.

Rehearing overruled March 28, 1945.