## MURPHY v. HONEYCUTT et al.
### No. 6235.

Court of Civil Appeals of Texas. Texarkana.

Oct. 25, 1946.

Rehearing Denied Nov. 21, 1946.

Pat Beadle, of Clarksville, for appellant.

B. F. Edwards, of Clarksville, for appellee.

HALL, Justice.

This is an action brought by appellees for construction of a will under the provisions of the Uniform Declaratory Judgments Act, Vernon's Annotated Revised Civil Statutes, Art. 2524—1. The cause was tried before the court without a jury and resulted in judgment construing the will favorably to appellees.

Appellant's first point is:

"This case should be reversed and rendered because plaintiffs' (appellees') cause of action as shown upon the face of their pleadings is based upon the ambiguous wording of a will which was admitted to probate on September 26, 1932, and that such pleadings show that plaintiffs' alleged cause of action is barred by the four years' statute of limitation."

Appellees being all of the blood heirs of Buck Honeycutt, deceased, instituted this suit on November 27, 1945, seeking the construction of the will of Buck Honeycutt, deceased, which was probated on September 26, 1932. Appellees alleged in part that by the terms of said will, and viewing the same as a whole, it shows that the intention of the said Buck Honeycutt, at the time of the execution thereof, was that the said Ida M. Honeycutt, his wife, was only to receive a life estate in said property but by the use of the words in the second paragraph of said will, to-wit, "and any remaining estate of mine" coupled with the use of the words "balance of my estate," creates an uncertainty and a doubt as to what the true intention of the said Buck Honeycutt was at the time of the execution of the will.

Appellant, John C. Murphy, is claiming title to certain real estate belonging to the estate of Buck Honeycutt, deceased, through a deed from Ida M. Honeycutt, surviving widow of the said Buck Honeycutt, dated January 22, 1945. It is appellant's conten-

tion that the suit to construe Buck Honeycutt's will is barred by the four years' statute of limitation, R.S. Art. 5529. Said article reads:

"Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

■ From appellees' standpoint no controversy or cause of action arose under said will until Ida M. Honeycutt executed the deed conveying the property covered by said will belonging to the estate of Buck Honeycutt, to appellant, John C. Murphy. Until the execution of that deed, the record discloses no act on the part of Ida M. Honeycutt violating the terms of Buck Honeycutt's will, and, of course, the appellees, as remaindermen had no cause of action, and none accrued to them until Ida M. Honeycutt did some overt act showing that she was not going to abide by the terms of the will, as construed by appellees. In Anderson on Declaratory Judgments, page 281, Section 108, it is said:

"The statute of limitations in a declaratory action does not begin to run against the right to maintain the same, until an actual controversy has accrued or occurred, and undisclosed conflicting claims between persons bearing jural relations do not constitute a controversy which would set in operation the statute of limitations against the action for declaratory relief. Until an actual controversy has arisen between the parties no cause for declaratory relief has accrued and the statute of limitations is not operative. * * *" (Citing cases).

"However, when such dispute or controversy does arise then a cause of action for a declaration of rights accrues and that is when the statute of limitations, but not until then, will begin to run." In Williams v. Pure Oil Co., 124 Tex. 1341, 78 S.W.2d 929, 931, the Commission of Appeals, speaking through Justice Critz, says:

"It seems to be the settled law of this state that limitation does not begin to run until the right or cause of action accrues. The right or cause of action does not exist until facts exist which authorize the

person asserting the claim to seek relief in a court of competent jurisdiction from the person due to make reparation. It involves both the existence of the right and facts sufficient to constitute a cause of action."

See also Condor Petroleum **Co. v.** Greene, Tex.Civ.App. 164 S.W.2d 713; Port Arthur Rice Milling Co. v. Beaumont Rice Mills, 105 Tex. 514, 152 S.W. 629; A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619; 69 C.J. 881.

■ From the above authorities we conclude from the record before us that no cause of action accrued to appellees, the remaindermen, under the Buck Honeycutt will, which would authorize them to institute suit in the District Court of Red River County, seeking a construction of said will, until after the deed of Mrs. Ida M. Honeycutt to appellant, John C. Murphy. Therefore this point is overruled.

Appellant's second point is:

"This case should be reversed and rendered because the court erroneously construed the will of Buck Honeycutt, deceased."

The will here in controversy reads as follows:

"The State of Texas, ⎫
County of Red River. ⎭

"We, Buck Honeycutt, and wife, Ida Honeycutt, do make this our first and last will and testament each of us willing to each other their lifetime our entire estate of all kind their life time. We also both want to set aside one acre of our land now known as the Honeycutt grave yard as a grave yard and to never be sold and to be used for grave yard purpose only.

"I, Buck Honeycutt should I die first my wife to have my estate her life time and any remaining estate of mine I want Delbert Lipe appointed administrator without bond and divide the balance of my estate among my own blood heirs equally as their interest may appear.

"I, Ida M. Honeycutt should I die first I want my beloved husband to have all my property his life time and at my death I want Walter Warthan my administrator to divide my estate which will be fifty

acres off the north end of the G. B. Honeycutt H. R. Survey, and that this fifty acres be divided even among my heirs the balance of all real estate shall belong to the heirs of Buck Honeycutt.

> "Buck Honeycutt
> "Ida M. Honeycutt."

It is appellees' contention that when the will is taken as a whole and construed from its four corners, the parties devise to each other simply and only a life estate, with remainder as provided therein, while appellant's contention is that the will insofar as it relates to the devise by Buck Honeycutt, deceased, implies in Ida M. Honeycutt the right of sale or disposition of said property, with remainder to the heirs of Buck Honeycutt. Appellant's contention is based upon the following provision of the will, being paragraph 2 thereof, reading:

"I, Buck Honeycutt, should I die first, my wife to have my estate her life time and any remaining estate of mine I want Delbert Lipe appointed administrator without bond and divide the balance of my estate among my blood heirs equally as their interest may appear."

There seems to be no controversy with reference to the other parts of the will.

The trial judge found that the will devised a life estate only to each of the parties with remainder to the respective heirs as provided therein, namely, the heirs of Buck Honeycutt and the heirs of Ida M. Honeycutt.

The cardinal rule of construction of a will is that the intention of the testator must be ascertained, if possible, at the time he executed the will, 69 C.J., pp. 52-61, citing numerous cases from many jurisdictions, and the intention of the testator must be ascertained from the four corners of the will, giving meaning to all parts if possible. "Each case must depend upon the ascertainment of the intention of the testator as manifested by the language used by him in making the disposition of the property involved." Sailer v. Furche, Tex.Com.App., 22 S.W.2d 1065, 1068.

In McMullen v. Sims, Tex.Com. App., 37 S.W.2d 141, 143, it is said:

"In determining the intention of a testator, separate statements and clauses should not be considered alone, but the whole will should be taken together, and should be considered with relation to the language used in other parts so as to give effect to the general intention thereby ascertained."

The will here under consideration contains only three paragraphs and shows plainly to have been written by a layman. Twice in the first paragraph the parties bequeath to each other their entire estate for "their lifetime." Once in the second paragraph Buck Honeycutt bequeaths his entire estate to his wife "her lifetime" and again in the last or third paragraph of the will Ida Honeycutt bequeaths all her property to Buck Honeycutt "his life time." Thus four times in this short will the parties plainly and unequivocally stated that the only estate created by said instrument is one for the life of the survivor. This seems to be the clear intention of the parties gleaned from the instrument as a whole. We do not think the expressions "and any remaining estate of mine * * * and divide the balance of my estate among my own blood heirs equally as their interest may appear" should be construed as passing the fee simple estate to the survivor. Such a holding in our opinion would destroy the plain and unambiguous provisions in said will passing only a life estate, and would thwart the expressed intention of the testator. As stated in McMurray v. Stanley, 69 Tex., 227, 6 S.W. 412, 413:

"In construing the will, all its provisions should be looked to, for the purpose of ascertaining what the real intention of the testatrix was; and, if this can be ascertained from the language of the instrument, then any particular paragraph of the will which, considered alone, would indicate a contrary intent, must yield to the intention manifested by the whole instrument."

It is our conclusion then that the will taken as a whole bequeaths to the survivor a life estate only with no power of disposition.

The judgment of the trial court is affirmed.