Julia K. DESSOMMES, Appellant,

v.

Lawrence F. DESSOMMES et al., Appellees.

No. 8391.

Court of Civil Appeals of Texas, Texarkana.

Oct. 26, 1976.

Rehearing Denied Nov. 16, 1976.

John R. Bryant, Dallas, for appellant.

Michael R. Knox, Thompson, Coe, Cousins & Irons, Bertran T. Bader III, Bader, Wilson, Menaker, Cox & Branson, Dallas, for appellees.

CHADICK, Chief Justice.

This is a suit by a former wife to recover an interest in her divorced husband's retirement benefits accruing under a succession of pension and retirement plans funded in part by contribution of money earned during the marriage. The trial court judgment denied relief. Such judgment is reversed and judgment rendered.

Pertinent facts will be stated as the necessity arises. See *Dessommes v. Dessommes*, 461 S.W.2d 525 (Tex.Civ.App. Waco, 1970, no writ) and *Dessommes v Dessommes*, 505 S.W.2d 673 (Tex.Civ.App. Dallas 1973, writ ref'd n.r.e.) for background and developments in this litigation preceding the latest action and this appeal. The parties' familiarity with previous proceedings is assumed and lengthy excerpts will be avoided. Here, Mrs. Julia K. Dessommes, the plaintiff below is appellant, and Mr. Lawrence F. Dessommes, Coats & Clark Sales Corporation and Connecticut General Life Insurance Company, defendants below are appellees.

Judge Guittard wrote the Dallas Court of Civil Appeals opinion in the second appeal (505 S.W.2d 673) and separated the appeal issues for discussion under three headings. Under *Limitations*, the court held Mrs. Des-

sommes' cause of action filed May 23, 1969, for recovery of an interest in the retirement plan or plans pertinent here was not barred by the four year statute of limitations, Tex. Rev.Civ.St. Ann. art. 5529. The opinion says that Mrs. Dessommes' cause of action did not arise until benefits payable under the retirement plan or plans began on August 1, 1969, and that any previous cause of action she may have had for declaration of her rights in the retirement fund would have arisen only on a denial or repudiation of those rights. Because the record did not show denial or repudiation more than four years before the suit was filed, decision was expressly reserved on the question of "whether failure to commence a declaratory judgment action within four years after repudiation of her interest in the fund would bar subsequent action to recover her share of the benefits paid."

Under the heading *Extent of Plaintiff's Interest,* the opinion decided that Mrs. Dessommes' interest should·be determined by a formula that is referred to as an "apportionment theory". Under the formula, the portion of retirement benefits attributable to earnings before marriage and after divorce are considered separate property of Mr. Dessommes and the portion attributed to earnings during the marriage represents a community interest in which Mrs. Dessommes is an equal participant. Judge Guittard's opinion ordered reversal and remand with instructions that if Mrs. Dessommes established in a new trial "as she did before, an equal ownership in the (retirement) fund at the time of divorce, defendant (Lawrence F.) Dessommes will have the burden to establish the extent of his ownership in the fund attributable to contributions other than those made during marriage." (Parenthetical matter added.) The opinion explains the reason the burden of proof in this particular is placed upon Mr. Dessommes.

Judge Guittard's opinion recognizes that in ordinary cases of commingling of funds, where the amounts of the contributions are shown, the parties are held to be owners in proportion to contributions. However, be-

cause the current effective retirement plan allowed credit for contributions to the previous retirement plans, it having superseded the former, a proper division of present annuity payments cannot be based strictly upon the amount of contributions alone, particularly, if the fund has been earning interest. This is obvious as interest accumulated under prior plans and brought forward would have a bearing on the amount of the annuity under the effective plan. The court concluded:

". . . full development of the facts should enable the court and jury to make a fair division, although the results may not be mathematically precise. If the amount of the contributions to the various plans before, during and after marriage are properly proved, expert testimony may be available to establish with reasonable certainty that portion of the present benefits which may be fairly attributed to contributions made by and on behalf of the employee other than those made during the marriage. Plaintiff's (Mrs. Dessommes') interest would be one-half of the portion remaining." (Parenthetical matter added.)

On Motion for Rehearing in the Dallas court the opinion discussed the apportionment theory further and with respect to it said:

"Although the law on this point cannot be regarded as settled, we conclude that the apportionment theory does substantial justice in determining the extent of a community property interest which has vested during the marriage. Accordingly, we adhere to the instruction in our original opinion."

Following the Dallas court's decision, the parties amended and supplemented their pleadings. The new allegations that are material in this discussion are allegations by Mr. Dessommes and his co-defendants setting up pleas of the two and four year statutes of limitation and a defense that Mrs. Dessommes' suit was barred by the equitable doctrine of laches, together with, allegation that if Mrs. Dessommes is entitled to a portion of the retirement benefits

the entitlement would not exceed a stated amount per month.

## Limitations and Laches

The trial court submitted special issues to the jury and answers thereto established that the date the controversy between Mr. and Mrs. Dessommes over property rights in the retirement plan arose was February of 1963; and that Mr. Dessommes first began to make adverse claim to the rights of Mrs. Dessommes in the retirement plan at that time. Also, the jury refused to find that Mrs. Dessommes pursued her rights in the retirement plan after an unreasonable delay and after Mr. Dessommes had changed his position to his detriment. Evidence was produced tending to show that Mr. Dessommes, at the time of divorce, advised Mrs. Dessommes that he repudiated her claim and denied she had an interest in the retirement plan. There is no contention or proof that any party to the litigation, other than Mr. Dessommes, made adverse claim to Mrs. Dessommes' rights in the retirement plan.

■ The Dessommes were divorced February 7, 1963. Mrs. Dessommes filed suit to enforce her rights May 23, 1969. The Waco court held (Tex.Civ.App., 461 S.W.2d 525) that under the pleading then before the court a controversy arose March 15, 1968, and suit filed May 23, 1969, was not as a matter of law barred by the four year statute of limitations. The Dallas court's view of the limitation questions and decision thereon has previously been noticed. It was established by the Waco court (461 S.W.2d 527) that the retirement fund was not in the possession of either Mr. or Mrs. Dessommes and that since the 1963 divorce decree made no partition or disposition of the fund, these parties were owners thereof as tenants in common. Both had an ownership right in the fund but not possession. There is no evidence that the former husband could or did oust his former wife and co-tenant from possession of the fund. In *Duncanson v. Howell*, 222 S.W. 232 (Tex. Com.App.1920, opinion adopted), one co-tenant pled that he had been ousted by the other. The pleading here is different, the rule of that case has no application. It is apparent in the absence of possession that Mr. Dessommes could not rely upon adverse possession to commence a limitation period or perfect a title in him to the fund. It has been noted that the only question of limitation left undecided by the two previous appeals is "whether (Mrs. Dessommes') failure to commence a declaratory action within four years after repudiation of her interest in the fund would bar subsequent action to recover her share of the benefits . . ." (Parenthetical matter added.) Although determination by the Dallas appellate court that her cause of action and suit filed May 23, 1969, were not barred by the four year statute of limitation effectively determines this issue, the question of when a declaratory judgment suit must be filed to avoid a statute of limitation will be discussed because decision was reserved on the question in the last appeal. The answer is found in the cases next cited.

Judge Reuben Hall, speaking for this Court in what has become a leading case, *Murphy v. Honeycutt*, 199 S.W.2d 298 (Tex. Civ.App. Texarkana 1946, writ ref'd) quoted with approval a rule stated in Anderson on Declaratory Judgments, Sec. 108, P. 281, to-wit: "Until an actual controversy has arisen between the parties, no cause for declaratory relief has accrued and the statute of limitation is not operative, . . ." *Outlaw v. Bowen*, 285 S.W.2d 280 (Tex.Civ. App. Amarillo 1955, writ ref'd n.r.e.), states:

"In Texas, the statutes of limitation do not apply to a partition suit; . . . nor to a bill to remove cloud from title; . . . nor to a suit for a declaratory judgment, at least until the provisions of such are set in action by the actual occurrence of a controversy; *Murphy v. Honeycutt*, Tex.Civ.App., 199 S.W.2d 298 (writ ref'd)."

And on the question of accrual of a right of action, *Williams v. Pure Oil Co.*, 124 Tex. 341, 78 S.W.2d 929 (1935, opinion adopted) says:

"It seems to be the settled law of this state that limitation does not begin to

run until the right or cause of action accrues. *The right or cause of action does not exist until facts exist which authorize the person asserting the claim to seek relief in a court of competent jurisdiction from the person due to make reparation.* It involves both the existence of the right and facts sufficient to constitute a cause of action." (Emphasis supplied).

■ Giving effect to the last cited case, it is apparent that Mrs. Dessommes' cause of action against Mr. Dessommes for a partition and recovery of retirement benefits did not accrue before payment became due under the retirement plan and were paid on August 1, 1969. It was at that time that she was first entitled to have a judgment against him as a party liable to make reparation to her. Prior to that time, Mr. Dessommes possessed nothing belonging to her and was not liable to her for payment of retirement benefits or liable to her for any reason shown by the record; she was not required to cross a bridge before she reached it. A suit by Mrs. Dessommes and a judgment declaring her rights would have gained her nothing she did not already have as a tenant in common in the retirement fund. Proof of Mr. Dessommes' notice to Mrs. Dessommes that he denied her right in the retirement plan and repudiated her claim to an interest in its benefits prior to the time he was liable to make reparations did not set in operation the statute of limitations.

### Instructions—Lower Court Compliance

■ The law of a case is established when a question of law is determined in an appeal by a court of last resort. Resolution of such question of law governs a case in all subsequent stages, including retrial and a subsequent appeal. 4 Tex.Jur.2d, Appeal and Error—Civil Cases, Sec. 997. The doctrine is intended to achieve uniformity of decision, as well as economy of effort, and narrows the issues in the successive stages of the litigation. Closely related to the doctrine is judicial policy that in a subsequent appeal instructions given a trial court in a former appeal will normally be adhered

to and enforced. *Wall v. Wall*, 143 Tex. 418, 186 S.W.2d 57 (1945, opinion adopted); 4 Tex.Jur.2d, Appeal and Error—Civil Cases, Sec. 1009.

■ It has been noticed that the opinion of the Dallas Court of Civil Appeals instructed the parties that on retrial if Mrs. Dessommes' proof established an equal ownership in the retirement fund, the trial court would determine Mrs. Dessommes' interest on the apportionment theory and in doing so Mr. Dessommes would have the burden of showing contributions to the retirement fund that he made before marriage and after divorce. Mrs. Dessommes made requisite proof. The court's instruction provided a simple formula for determining the part or portion of the monthly benefit of $537.86 that was attributable to Mr. Dessommes' separate funds or to interest derived therefrom or to other accumulations of separate property that enhanced the benefit. On retrial, instead of complying with appellate instructions, Mr. Dessommes and his codefendants offered evidence of the contributions of Mr. Dessommes and his employer to the fund during marriage, but not those made before or after. Total contributions during marriage was shown to be $17,685.85.

During retrial, despite objections, the trial judge did not by submission of the issues to the jury, or otherwise, undertake to apportion interest in the retirement benefits in accordance with the Dallas court's instructions. To the contrary, the trial court undertook to determine Mrs. Dessommes' interest by receiving evidence of calculations by an actuary showing in terms of an annuity the value of Mrs. Dessommes' interest as of February 7, 1963. The actuary assumed facts stated and testified to the amount of an annuity contribution made during the marriage period would purchase at the given date. Proof was also offered showing the plan in effect began paying monthly benefits of $537.86 on August 1, 1969. On such date, the actuary calculated it would have required a lump sum payment of $80,500.00 to produce the specified monthly benefit. No testimony or evidence

was produced to show that contributions to the several retirement plans made by or on behalf of the Dessommes did or did not draw interest or what, if anything other than bare contributions, was carried forward from one plan to the next.

The trial court's determination of Mrs. Dessommes' interest was erroneous for several reasons:

(1) The submission in the trial court violated the appellate court's instructions that Mr. Dessommes' interest be determined in a different but specified manner.

(2) An annuity, as testified to by the actuary, purchased with the bare total of funds contributed during marriage did not take into account or give effect to the increment, if any, to contributions.

(3) The calculation of Mrs. Dessommes' interest made by the court left out of consideration the annuity in fact purchased by all contributions and their increment, if any.

(4) The absence of proof that interest or other accumulations were or were not carried forward into successor plans made it impossible to calculate the annuity contributions would buy.

■ Mr. Dessommes, it may be assumed, acted in good faith in agreeing to the several revisions of his retirement contract. If he did in fact contract for a more advantageous retirement annuity than an actuary would project on the basis of actual contributions, Mrs. Dessommes was entitled to a fair apportionment of the benefits actually agreed upon and paid for with contributions in which she had an interest. The Dallas court's instructions contemplated that proof of the nature ordered should be produced if substantial justice was to be done.

### Disposition

■ The Dessommes have been divorced more than thirteen years. Payment of retirement benefits to Mr. Dessommes began over seven years ago. Three trials of the controversy have been had and this is the third appeal. Mr. Dessommes was given opportunity to apportion benefits in accordance with the Dallas court's instructions. Neither equity nor the ends of justice require this case to be again remanded for that same purpose since Mr. Dessommes refused or neglected to do so after the last remand.[1] Under these circumstances this court is compelled to consider Mr. and Mrs. Dessommes equal tenants in the retirement benefits.

In reversing for new trial the Dallas court invoked the rule that "when the proportions contributed by several owners to a common fund cannot be established and the equities are equal, the owners must be considered equal tenants in common." Under all the circumstances the equities now appear to be equal. Mr. Dessommes has refused or neglected to sustain his burden and make the proof required of him. The history of the case shows that the employer and underwriter make no pretext of being impartial stakeholders. The employer, an acknowledged partisan of Mr. Dessommes, and the underwriter are represented by the same legal counsel. The limitation defense urged by all appellees would not, if meritorious, have reduced the underwriters overall liability yet the employer and the underwriter take a stance favoring Mr. Dessommes. Unless these parties were able to sustain the barely arguable limitation defense, they recognized liability to Mrs. Dessommes in some amount.

Under all of the circumstances shown by the record, Mrs. Dessommes is entitled to a reversal of the trial court judgment and rendition here that she have and recover from Mr. Dessommes, Coats & Clark Sales Corporation and Connecticut General Life Insurance Company, jointly and severally, one-half of the benefits that have accrued

1. The time consumed in this case, whatever its cause, is a reproach to the Texas judicial system. The ages of the beneficiaries of the retirement plan are factors that should not be overlooked. Postponement of decision may well deny the beneficiaries an opportunity to establish and enjoy retirement benefits during their life time. Court ambivalence and further delay is intolerable if substantial justice may be done under the present record.

between August 1, 1969, and the date of the judgment herein, calculated on the basis of benefits at $537.86 per month, together with interest upon her one-half interest in all benefits from date of accrual during such period. Also, she is entitled to have judgment for a like part and interest thereon upon unpaid benefits accruing after date of this judgment, limited by and subject to an order that Connecticut General Life Insurance Company will, as soon as practical after judgment herein becomes final, pay directly to Mrs. Dessommes her one-half interest in the monthly benefits as they accrue to her.

The former opinion herein is withdrawn and this substituted for it. All motions for rehearing are overruled. The judgment of the trial court is reversed and judgment rendered as herein directed.

IT IS SO ORDERED.