

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Iston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

September 19, 1986

Honorable Oscar H. Mauzy
Chairman
Committee on Jurisprudence
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-548

Re:   Whether the Texas Department
of Corrections may require com-
pletion of one year of service
before awarding hazardous duty pay

Dear Senator Mauzy:

You have asked our opinion in regard to the validity of the Texas
Department of Corrections' policy of requiring its employees to
complete one year of employment before they may become eligible to
receive hazardous duty pay.  Article 6252-20b, V.T.C.S., provides:

> All commissioned law enforcement personnel of
> the Department of Public Safety, all commissioned
> law enforcement personnel of the State Purchasing
> and General Services Commission, all commissioned
> security officers of the State Treasury, all com-
> missioned law enforcement personnel of the Texas
> Alcoholic Beverage Commission, all law enforcement
> officers commissioned by the Texas Parks and
> Wildlife Commission, all commissioned peace
> officers of state institutions of higher educa-
> tion, and all law enforcement personnel commis-
> sioned by the Texas Department of Corrections, and
> all employees or officials of the Board of Pardons
> and Paroles who have routine direct contact with
> inmates of any penal or correctional institution
> or with administratively released prisoners
> subject to the board's jurisdiction are entitled
> to hazardous duty pay of $6 a month in fiscal year
> 1982 and $7 a month commencing in fiscal year 1983
> and thereafter for each year of service in the
> respective agency, up to and including 30 years in
> service.  This hazardous duty pay shall be in lieu
> of existing hazardous duty or longevity pay.
> (Emphasis added).

You have only asked about the construction of this act from the period
beginning September 1, 1983 to the present.  The General Appropria-
tions Act for the biennium beginning September 1, 1983, provides:

> 27. . . . the Department of Corrections is authorized to pay hazardous duty pay at a rate of Seven Dollars ($7.00) per month <u>for each year of State service</u> up to and including the 30th year for the following classifications: Warden II, Warden I, Assistant Warden, Major of Correctional Officers, Captain of Correctional Officers, Lieutenant of Correctional Officers, Sergeant of Correctional Officers, Correctional Officer III, Correctional Officer II and Correctional Officer I. Employees in other classifications who work within the prison compound or whose work requires daily contact with inmates may also receive hazardous duty pay; however, the total number of employees in other classifications eligible to receive hazardous duty pay shall not exceed 500 non-unit employees. A list of such employees shall be filed annually with the Governor's Office of Management and Budget and the Legislative Budget Board. (Emphasis added).

Acts 1983, 68th Leg., ch. 1095, at 5794. The General Appropriations Act for the biennium beginning September 1, 1985, provides in part:

> The Department of Corrections is authorized to pay <u>hazardous duty pay at a rate of Seven Dollars ($7.00) per month for each year of state service up to and including the 30th year</u> for the following positions:
>
> A. All persons classified as Correctional Officer I through Warden. . . . (Emphasis added).

Acts 1985, 69th Leg., ch. 980, at 7353.

You have informed us that TDC policy states that, when a new correctional officer is employed, the new employee is classified as a Correctional Officer I for a one-month training period, and then as a Correctional Officer II for a six-month probationary period, and then as a Correctional Officer III. However, under the TDC hazardous duty policy, no correctional officers are granted hazardous duty pay for the first five months of occupying these positions. The issue is, therefore, whether the phrase "for each year of state service" as used in article 6252-20b, and the Appropriations Act require that a correctional officer <u>complete</u> one year of employment with TDC before the employee is entitled to hazardous duty pay. For the following reasons, we conclude that article 6252-20b, V.T.C.S., which authorizes TDC to require its employees to complete one year of employment before they may become eligible to receive hazardous duty pay, is valid.

The TDC is an administrative agency of the state and is authorized to promulgate rules and regulations which are not inconsistent with its enabling act and other state statutes. See V.T.C.S. art. 6166a et. seq. (enabling act); V.T.C.S. art. 6252-13a, §3(1) (definition of state agency); Stanfield v. Texas Department of Public Safety, 422 S.W.2d 14 (Tex. Civ. App. - Dallas 1967, writ ref'd n.r.e.). Article 6252-20b, V.T.C.S., specifically authorizes TDC to award hazardous duty pay to "all law enforcement personnel" entitled to receive it. However, these law enforcement officials must also meet the required statutory time of service with the department.

It is our opinion that the legislature's use of the words "for each year of state service" is unambiguous and its meaning is clear and obvious. Wall v. Wall, 172 S.W.2d 181 (Tex. Civ. App. - Amarillo 1943, writ ref'd w.o.m.). The legislature specified the minimum amount of time, one year, in which an employee must serve before the benefit may be awarded. We are not at liberty to enlarge or modify this time period. The employee must have completed one year of service before he can be awarded these benefits.

Moreover, this office has consistently held that when the length of service is used to establish state employee benefit entitlements in state statutes and appropriations acts, the specified amount of service means the completion of the period of time specified. See Attorney General Opinions MW-282 (1980); H-341 (1974); M-984 (1971). Accordingly, TDC is authorized to require its employees to complete one year of employment before they may become eligible to receive hazardous duty pay.

### S U M M A R Y

Article 6252-20b, V.T.C.S., authorizes the Texas Department of Corrections to require its employees to complete one year of employment before they may become eligible to receive hazardous duty pay.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General