Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★ ★ ★



# MEMORANDUM OPINION

No. 04-10-00193-CV

Larry C. **NAIL**,
Appellant

v.

Rick **GODWIN** and Eagle's Nest Christian Fellowship Church, Inc.,
n/k/a Summit Christian Center,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-08066
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:   Phylis J. Speedlin, Justice

Sitting:   Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  October 20, 2010

AFFIRMED

Larry Nail appeals the dismissal of his lawsuit against Eagle's Nest Christian Fellowship Church, Inc., n/k/a Summit Christian Center ("ENCF") and its senior pastor Rick Godwin.  The dismissal order at issue, however, was entered in compliance with this court's own order in *In re Godwin*, 293 S.W.3d 742 (Tex. App.—San Antonio 2009, orig. proceeding).  In that original proceeding, we considered whether the trial court should have refrained from exercising jurisdiction over Nail's claims because each claim implicated church governance and discipline.

*Id.* at 750. Based on our analysis, we conditionally granted ENCF's petition for writ of mandamus and ordered the trial court to dismiss the underlying lawsuit for lack of jurisdiction based upon the ecclesiastical abstention doctrine. *Id.* The trial court complied with our order. We now have before us the exact same case on appeal, except with a judgment of dismissal. In two issues, Nail argues our prior decision was wrong and should be overruled. We disagree.

Generally, a court of appeals is bound by its initial decision if there is a subsequent appeal in the same case. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003) (under the law of the case doctrine, a question of law decided by an appellate court governs the case throughout its subsequent stages of litigation); *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) ("The doctrine is based on public policy and is aimed at putting an end to litigation."). Thus, in a subsequent appeal, instructions given to a trial court in the first appeal will ordinarily be enforced. *Wall v. Wall*, 143 Tex. 418, 186 S.W.2d 57, 58 (1945). However, a court of appeals may re-visit its original decision when the appellate court concludes, on the second appeal, that its original decision was "clearly erroneous." *Briscoe*, 102 S.W.3d at 716-17. We find no such error. Here, the record before the court has not changed. The parties and issues are the same. No new evidence has been developed, no new law has been decided, and Nail asserts no new arguments. *Cf. id.* at 717 (court has some discretion to revisit a prior decision if clearly erroneous or based on an incomplete record); *In re Estate of Chavana*, 993 S.W.2d 311, 315 (Tex. App.—San Antonio 1999, no pet.) (dicta in prior decision reversing and remanding case to trial court without instructions was called into question by intervening and controlling higher court decision). Accordingly, we affirm the trial court's dismissal of Nail's lawsuit.

Phylis J. Speedlin, Justice