FILED

September 24, 2015

Third Court of Appeals
Jeffrey D. Kyle
Clerk

CAUSE NO C2015-0215A

**03-15-00513-CV**

In the
Third Court of Appeals
In Austin, Texas

Elwyn D. Shumway

v.

Whispering Hills of Comal County, Texas
Property Owners Association, Inc.

Original Proceedings from the 22nd Judicial District Court
The Honorable Dibrell Waldrip

Appellant's Brief on the Merits

Elwyn D. Shumway
8406 Zodiac
Universal City, TX 78148
(210) 658-7716 Home
(210) 860-6613 Cell
shumd@att.net
Pro Se Litigant


RECEIVED
SEP 15 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## APPELLANT'S BRIEF

|                                              | Page |
|----------------------------------------------|------|
| IDENTITY OF PARTIES AND COUNSEL............... | 1    |
| TABLE OF CONTENTS............................. | 2    |
| INDEX OF AUTHORITIES.......................... | 3    |
| STATEMENT OF THE CASE......................... | 5    |
| STATEMENT REGARDING ORAL ARGUMENTS........... | 6    |
| ISSUES PRESENTED.............................. | 7    |
| STATEMENT OF FACTS............................ | 8    |
| SUMMARY OF THE ARGUMENT....................... | 12   |
| ARGUMENT...................................... | 13   |
| PRAYER........................................ | 29   |
| APPENDIX ..................................... | 30   |

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellant Procedure 38.1(a), Appellant presents the following list of all parties and names and address of its counsel:

Appellant/Plaintiff:                    Pro Se Litigant:
Elwyn D. Shumway                        Elwyn D. Shumway
                                        8406 Zodiac
                                        Universal City, TX 78148
                                        (210) 658-7716 Home
                                        (210) 860-6613 Cell
                                        shumd@att.net


Respondent:
The Honorable Dibrell Waldrip
433rd Judicial District
Comal County, Texas
150 N. Seguin, Suite 317
New Braunfels, TX 78130


Appellee/Defendant:                     Counsel:
Whispering Hills of Comal               Mr. Zachary B. Aoki
County Property Owners                  State Bar No. 01275870
Association, Inc.                       Thurman & Phillips, P.C.
                                        8000 IH 10 West, Ste. 1000
                                        San Antonio, TX 78230
                                        (210) 341-2020
                                        zaoki@thurman-phillips.com

1

# TABLE OF CONTENTS

Page

1. Subject Matter:   Statute of Limitations.......... 19
   Did appellee provide conclusive proof appellant
   filed petition outside the period of limitations?

2. Subject Matter:   An Actual Controversy........... 13
   When did an actual controversy between parties
   come into being?

3. Subject Matter:   Authority and Opportunity to
   file a claim................................... 16
   When did Appellant first have authority and
   opportunity to file a claim?

4. Subject Matter:   Legal Injury Rule............... 25
   When did appellant incur a legal injury and harm?

5. Subject Matter:   Trial Court Error............. 12, 25
   Did trial court err in granting motion to dismiss
   based on matter of law?

# INDEX OF AUTHORITIES

## (alphabetically)

Pages

Diversicare Gen. Partners, Inc. v. Rubio ......... 26, 27

    185 S.W. 3d 843, 846 (Tex 2005)

Groggin v. Grimes 969 S.W. 2d 135-137 Tex. ....... 19

    App. - Houston 14th Dist 1998

KPMG Peat Marwick v. Harrison County Hous. ....... 19, 20

    Fin. Corp., 988 S.W. 2d 748 (Tex 1999)

Murphy v. Honeycutt 199 S.W. 2d 298, 299 Tex ..... 13, 15

    Civ App. Texarkana 1946

Provident Life & Accident Ins. Co. v. Knott, ..... 16

    128 S.W. 3d 211, 221 (Tex. 2003)

Schneider Nat'l Carriers Inc., v. Bates 147 ...... 27

    S.W. 3d 264, 274-5 (Tex. 2004)

Shaw v. Moss 67 S.W. 3d 836, 842 (Tex. 2001)...... 12, 20

S.V. v R.V., 933 S.W. 2d at 4 (Tex. 1996) ........ 19

Tex. Civ. Prac & Rem Code Section 16.051 ........ 19

Tex. R. Civ. P. Rule 91a.1 and 91a.2 ............. 25

Tex. R. Civ. P. Rules 801(e)(2) and 802 .......... 26

Trail Enters, Inc. v. City of Houston 957 ........ 19, 20
    S.W. 2d 265, 631 Tex App – Houston 1997

Villarreal v. Wells Fargo Brokerage ............ 12, 19, 20
    Services, LLC, 315 S.W. 3d 109, 117 Tex
    App – Houston 1st Dist 2010

## STATEMENT OF THE CASE

Nature of the Case:  Appellant filed a petition seeking
a declaratory judgment regarding the intended/authorized
use (residential vs. business) of some lots in appellee's
subdivision (CR 1 original, CR 4 amended, CR 8 second
amendment).  The appellee filed a Motion to Dismiss (CR 6)
and following argument regarding statute of limitations the
Presiding Judge granted the request for dismissal (Tab 1
and CR 9).  The specific basis for dismissal is statute of
limitations has run (3RR, pg 59, lines 5-6).  Appellant
believes the Presiding Judge erred in making his decision
to dismiss and filed a Notice of Appeal (CR 10).

Respondent:  The Honorable Dibrell Waldrip, 433rd Judicial
District Court, New Braunfels, Texas.

Respondent's Action:  On July 22, 2015, the respondent
signed an Order Granting Defendant's Request for Motion to
Dismiss.  The signed order provides that the plaintiff take
nothing, that fees be assessed and that the order finally
and completely disposes of all claims.  The order does
state the order may be appealed (Tab 1 and CR 9).

## STATEMENT REGARDING ORAL ARGUMENT

The decision by the trial judge was made based on the matters in record at the time he made his decision. The appellant believes the Court of Appeal's review should be limited to the same and that it would be inappropriate to attempt to further explain the matters in record by additional oral argument. The appellant waives oral argument on appeal.

#1  Did the court properly give appropriate credibility and weight to the evidence in record in determining when an actual controversy first existed?

#2  Did the court properly give appropriate credibility and weight to when appellant first had authority and an opportunity to file a claim?

#3  Did the court properly determine the appellee conclusively proved the date the statute of limitations was to begin and that the appellant filed its petition outside the applicable limitation period?

#4  Did the court in considering the total record regarding statute of limitations give appropriate credibility and weight to the evidence presented and properly interpret and apply the pertinent legal principles as is required as a matter of law or did the court err in making a judgment to grant dismissal?

## STATEMENT OF FACTS

This appeal is not based on the merits of the cause of action in petition. The Presiding Judge was specific that he ruled to dismiss the case because the statute of limitations has run (3RR, pg 58, lines 6-25 and pg 59 lines 1-6). As a result, this appeal only addresses matters pertaining to limitations. (Note: All the exhibits are the same for the original, the amended, and the second amendment to petition. To avoid duplication in the records for this appeal, the exhibits are included only once and are with the amended petition (CR 4).

Appellant holds title to two lots in the appellee's subdivision. Ownership is documented by a Warranty Deed that was recorded on October 15, 1984 (CR4, Exh 2). The deed restrictions attached to the deed state all lots are to be used for residential except those designated for business purposes and that those designated for business can be used for either business or residential. (CR 4, enclosure to Exh 2. A more legible extract of deed is at Tab 5.) There are no designations on the subdivision plat; however, appellant, as well as other owners of lots 1-8, are certain the lots were marketed and sold as commercial or residential lots. It is not known when appellant first learned there were no designations on the subdivision plat, but it has been for several years.

8

Sometime between late 2011 and 2014, appellant was able to obtain for the first time some documentation to support that it was the developer's intent lots 1-8 could be used for either commercial or residential. (3RR, pg 27 lines 24-25 and pg 28, lines 1-14). Based on this documentation (CR 4 Exh 7 and 9) on November 13, 2014, appellant for the first time requested appellee agree lots could be used for business as well as residential. (3RR, pg 28 lines 15-21 and pg 29 lines 1-10. Also Tab 7.) Note: This letter was presented to the court and referenced to in the July 14 hearing but it is not listed as an exhibit in record.) The appellee denied request dismissing the written letters as oral testimony that was irrelevant and stated they could not make any deed changes (CR 4, Exh 2). (Note: Appellant has never asked that the deed restrictions be changed, only that based on credible evidence of the developer's intent that the records at the county records office reflect lots could be used for business as well as residential.) On January 2, 2015, appellee notified appellant that appellee had diligently strived to interpret the meaning of what the writers of the Lakecroft restrictions intended and had concluded that all lots in the subdivision shall be classified as residential lots (CR 4, Exh 8, pg 2). On January 14, 2015, appellee filed a dedicatory instrument stating all lots in the subdivision are strictly limited to single family residential use only. Copy of the instrument is the enclosure to Exh 8, CR 4 and proof of filing is at Tab 6).

9

On February 10, 2015, appellant filed a petition requesting a declaratory judgment regarding the use of the properties (CR 1). Service was attempted but petition was returned as unclaimed on March 17 (CR 3). On April 13, appellant amended petition to change the address for service from the appellee's official address to the address of the President of the Homeowners Association (CR 4) and citation was served on April 22(CR 5). On May 28, appellee filed a Motion to Dismiss (CR 6). Appellant responded on June 4 (CR 7), and a hearing was held on June 17 (2RR).

At the June 17 hearing, the three issues in the motion to dismiss (legal standing, statute of limitations and cause of action) were considered. With regard to the third issue, the Presiding Judge offered the appellant the opportunity to rewrite the cause of action, amend the petition and to continue the hearing at a later date (2RR, pg 43 lines 3-9). Accordingly, a second amendment was filed on July 7 (CR 8).

On July 14, the second hearing was held (3RR). The appellee asked that the issue of limitation be discussed again. Appellant indicated he thought that the issue of limitations had been considered and that the July hearing was to consider the rewritten cause of action (3RR, pg 12, lines 19-25). The Presiding Judge stated he had not yet ruled on limitations. Arguments were presented regarding limitations and without discussion of the essential elements of the rewritten cause of action (promissory

estoppel) the Presiding Judge concluded the hearing by deciding, as a matter of law, to dismiss the case as limitations had run (3RR, pg 58 lines 6-25 and pg 59 lines 1-9). On July 22, 2015 the Presiding Judge signed the order dismissing the case (CR 9) and on August 14, 2015, appellant filed a Notice of Appeal (CR 10).

## SUMMARY OF THE ARGUMENT

The trial judge erred in granting appellee's Motion to Dismiss. Appellee was required to provide conclusive proof of the date the four year statute of limitations was to begin and then prove appellant filed his petition outside the period of limitations. (Shaw v. Moss 67 S.W. 3d 836, 842 Texas 2001 and Villarreal v. Wells Fargo Brokerage Services, LLC 315, S.W. 3d 109, 117 (Tex. App - Houston 1st Dist. 2010). Appellant provided credible evidence that appellee did not do so and the trial judge erred in concluding that he did.

The trial judge's decision to dismiss is not supported by factually sufficient evidence and the trial judge did not properly interpret and apply pertinent legal principles and case law as is required as a matter of law (Tab 8). In considering all the evidence in the record the court had to consider, the evidence is so against the greater weight and preponderance of the evidence that the court's decision to grant dismissal is clearly wrong and unjust. For this reason, the motion to dismiss should be reversed and the case remanded to the trial court for a hearing on the merits of the case.

## ARGUMENT

The appellant's argument is based on conclusions reached from the information provided in the following four Issues Presented.

### Did the court properly give credibility and weight to the evidence in record in determining when an actual controversy first existed?  (Issue Presented #1)

A cause of action under the Declaratory Judgment Act does not accrue until there is an actual controversy between the parties. Until an actual controversy has arisen between parties, no cause for declaratory relief has accrued and the statute of limitations is not operative. (Murphy v. Honeycutt 199 S.W. 2d 298,299 (Tex Civ App. – Texarkana 1946 writ ref'd.)  "An actual controversy" is a constitutional requirement that there be a real dispute between two parties capable of being resolved by the court. Controversy is defined as an actual dispute between individuals who seek a judicial resolution of their grievances that have arisen from a conflict of alleged legal rights – a dispute that must be an actual contested issue in order to be heard by the court.  (Tab 10).

Appellant had contacted a sales representative (Mr. Bepko), who worked for the developer (Lakecroft, Inc.), and who sold appellant his properties and told him the homeowners association was of the opinion lots could not be used for business.  Appellant asked Mr. Bepko if he had any documentation, marketing information, maps, etc. to support

13

appellant's knowledge that the lots were sold as business or residential. Mr. Bepko stated in a letter he was aware of a disagreement between the owners of lots 1-8 and the homeowners association (CR 4, Exh 7). In the motion to dismiss, appellee refers to this statement as a dispute (CR 6) and again in hearing (2RR, pg 9, lines 12-15). Also, in the July 14 hearing, appellee stated appellant and appellee were fighting over the use of property back in 2010 (3RR, pg 29 line 24 to line 5 pg 30). This is not true.

In the June 14 hearing, appellant described the nature of the correspondence between appellant and appellee (2RR, pg 20, line 12 to line 5 pg 22) and again at the July 14 hearing (3RR, pg 48 lines 13-25). The appellee did not provide any evidence to support the allegation of fighting or any examples of controversial statements being made by the appellant outside the period of limitations.

In correspondence between appellant and appellee, opinions were expressed and correspondence from appellee normally included words to the effect that it is our opinion ... (see examples CR 4 Exh 2 and 4). While the appellant and appellee's views may have differed, neither party was being harmed. However, when appellant's request to permit lots to be used for business or residential was denied on December 1, 2014 (CR 4, Exh 2) and further confirmed by letter of January 2, 2014 (CR 4, Exh 8) then an actual controversy came into being. That controversy is evidenced by the affidavit filed by appellant on January 8,

14

2015 (CR 4, Exh 12). In dialogue between appellee and the Presiding Judge, the Presiding Judge concluded that "the potential existence of a factual controversy" was established by the date Mr. Bepko wrote, or purportedly wrote, his letter (3RR, pg 51, line 19 to line 4, pg 52). The date of the letter is July 7, 2010. Appellant strongly disagrees with this reasoning and conclusion. As cited in the opening paragraph above (Murphy v. Honeycutt), there must be "an actual controversy" between the parties. The "potential existence of a factual controversy" based on a letter signed by a person not a party to the case who used the term "disagreement" falls short of being "an actual controversy" as appellant believes is envisioned by legal precedent, rules and/or case law. An additional consideration is that as appellant explains in the next issue presented regarding an opportunity to file a claim (Issue Presented #2) the appellant did not have possession of the Mr. Bepko's letter until sometime within the period of limitations – at the earliest January 25, 2012.

In conclusion, appellant contends the Presiding Judge erred in concluding that "the potential existence of a factual controversy" is the same as "an actual controversy". Further, appellant contends the court did not give appropriate credibility and weight to appellant's argument that while there may be differing views and opinions they did not rise to being an actual controversy until within the limitation period.

<u>Did the court properly give appropriate credibility and</u> <u>weight to when the appellant first had authority and an</u> <u>opportunity to file a claim?</u>  (Issue Presented #2)

Causes of action accrue when claimants are on notice of their injury and have an opportunity to seek a judicial review.  (Provident Life & Accident Ins. Co. v. Knott, 128 S.W. 3d 211, 221 Tex 2003).  Generally, a cause of action accrues and limitations begin to run when facts come into existence that authorize a party to seek a judicial remedy. (Provident Life & Accident Ins. Co. v. Knott as above).

It is not known when appellant first became aware but appellant has known for several years (more than four) that the developer did not make any property use designations on the subdivision plat.  Appellant also knew for certain that his lots, and others included in lots 1-8, were advertised and sold for business use and could be used for either business or residential.  However, during the period earlier than four years before filing a claim, appellant did not have any documentation, supporting evidence or facts sufficient to provide grounds to authorize him or provide an opportunity to seek a judicial remedy.  It would have been folly to file based only on personal knowledge without some supporting documentation.

In the motion to dismiss, the appellee cites a letter dated July 7, 2010 signed by Mr. Bepko, a salesman for the developer, that he (Mr. Bepko) was aware there was a disagreement between appellant and appellee as evidence

that more than four years has expired since the dispute first arose (CR 6, Section II). At the July 14th hearing, appellant explained that he did not have possession of that letter until sometime in late 2011 to 2013 when appellant visited Mr. Bepko and Mr. Bepko then gave him the letter. Appellant had visited Mr. Bepko at his home following a medical appointment appellant had at a facility located about ten miles from Mr. Bepko's residence. (Note: At the time of the hearing, appellant did not know the exact dates of the medical appointments. Medical records have since been reviewed. The first of four appointments was on January 25, 2012. Other dates are February 25, 2012, May 14, 2013 and November 5, 2014.) During the visit, the ailing Mr. Bepko gave appellant the letter (CR 4, Exh 7) he had intended to mail and apologized for not doing so. The detailed explanation referred to above is at 3RR, pg 27, line 24 to line 14, pg 28.

In addition to Mr. Bepko's letter, during this time frame appellant also obtained a letter from the owner of a lot next to one of appellant's lots that was provided her by the developer, Lakecroft, Inc. That letter states the lot could be used for either residential or business. This letter (CR 4, Exh 9) is dated June 13, 1988 which predates the appellee taking stead of the subdivision in 1990. On November 13, 2014, these two letters were provided the appellee with appellant's request that appellee agree lots 1-8 could be used for either business or residential (3RR,

pg 28, lines 15 to line 5, pg 29 and Tab 7). This letter at Tab 7 was not in the written record provided the court but was shown to the trial judge at the July 14 hearing to confirm the date of appellant's request. The Bepko and Lakecroft letters attached to the November 13, 2014 letter are in record at CR 4, Exh 7 and 9).

At the July 14, 2015 hearing, appellant explained that until he had some supporting documentation he did not have authority for or an opportunity to file a request for a judicial determination and that the earliest date he had possession of necessary documentation was sometime within the period of limitations (3RR, pg 27 lines 24 to lines 15, page 28). (Earliest date is January 25, 2012). The appellee did not contradict appellant's explanation. As a result, the court should have taken appellant's explanation as not being hearsay (Tab 3).

In conclusion, appellant contends the Presiding Judge did not in making his decision properly give appropriate credibility and weight to appellant's argument that he did not have authority for or an opportunity to file a claim until sometime within the limitation period.

<u>Did the court properly determine the appellee</u> <u>conclusively proved the date the statute of limitations was</u> <u>to begin and that the appellant filed its petition outside</u> <u>the applicable limitation period?</u>  (Issue Presented #3)

In petition, the cause of action is promissory estoppel (CR 8, pg 3).  The statute of limitations for promissory estoppel is four years (Tex. Civ. Prac & Rem Code Section 16.051)(Tab 4).  A statute of limitation begins to run on the date of accrual and the date of accrual is the date the cause of action accrues (Villarreal v. Wells Fargo Brokerage Services, LLC, 315 S.W. 3d 109,117 (Tex App – Houston [1 Dist] 2010).  Because there is no statute that defines the date of accrual for promissory estoppel, the Legal Injury Rule is used to determine the accrual date. (KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W. 2d at 750 and S.V. v. R.V., 933 S.W. 2d at 4 (Tex. 1996).  The Legal Injury Rule provides that a cause of action accrues when an act causes some legal injury. (S.V. v. R.V., 933 S.W. 2d 1-4 (Tex 1996).  A legal injury refers to harm being caused by an infringement of a legal right and is also defined as an abstract idea of what is due a person by law (Tab 9).  A legal injury consists of any invasion to claimant's legally protected rights.  (Groggin v. Grimes, 969 S.W. 2d 135 137 Tex App – Houston [14 Dist] 1998.)  Stated differently, a cause of action generally accrues when facts come into existence which authorize a claimant to seek a judicial remedy.  (Trail Enters, Inc. v.

City of Houston, 957 S.W. 2d 265, 631 (Tex App - Houston 1997.)

A defendant moving for a motion to dismiss on the affirmative defense of limitations must conclusively prove the elements of the defense (Shaw v. Moss 67 S.W. 3d 836, 842 (Tex. 2001); also KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W. 2d 748 (Texas 1999). Thus a defendant must prove as a matter of law the date on which the limitation period commenced and that the plaintiff filed its petition outside the applicable limitation period (Villarreal v. Wells Fargo Brokerage Services, LLC, 315 S.W. 3d 109, 117 (Tex App - Houston [1 Dist] 2010, no pet). Also, KPMG Peat Marwick v. Harrison County Housing Finance Corp., 988 S.W. 2d 748 (Tex 1999).

In Section II of the motion to dismiss (CR 6), the defendant (appellee) states plaintiff (appellant) knew no lots were designated on the subdivision plat and the question of use has been an issue for more than four years. Appellee refers to a letter dated July 7, 2010 signed by Mr. Stephen Bepko, a sales representative who worked for the developer and sold plaintiff his lots, that he (Mr. Bepko) was aware there was a disagreement between the owners of eight lots facing State Highway 46 and the Whispering Hills Property Owners Association. Defendant states this letter conclusively establishes that four years has expired since the dispute first arose and for that reason the court should dismiss the suit. Further,

defendant states plaintiff's complaints date back to actions taken by the Association more than fifteen (15) years ago. This allegation is not true. (The Association did not have stead of the subdivision more than fifteen years ago.) Additionally, appellee states appellant's deed states the property shall be used solely for new residential purposes. This statement is incomplete and misleading. Item 1 of the restrictions attached to appellant's Warranty Deed reads "all tracts shall be used solely for residential purposes except those designated for business.." Item 2 also refers to tracts designated as business may be used for either residential or business..". (CR 4, Exh 2. A more legible excerpt from the deed is at Tab 5).

As explained in the Issue Presented #2, appellant did not have possession of the Bepko or Lakecroft letters (CR 4, Exh 7 and 9) earlier than January 25, 2012. On November 13, 2014, appellant sent a letter with the two letters attached and for the first time requested the appellee agree to having document(s) reflect that lots 1-8 may be used for either commercial or residential purposes. (Tab 7). On December 1, 2015, appellee denied the request and provided the rational for its decision in a letter dated December 1, 2015 (CR 4, Exh 2). The December 1, 2015 denial of request was followed by appellee's letter dated January 2, 2015 providing appellant notice that appellee had strived to interpret the meaning of what the writers of

the deed restrictions intended and had concluded that all lots shall be used solely for residential purposes. Appellee also stated the Board of Directors would adopt this conclusion at a January 13, 2015 meeting (CR 4, Exh 8, pg 2). Appellant objected and requested such action not be taken until a judicial determination could be made (CR 4, Exh 11 and 12). Appellee filed the dedicatory instrument on January 14, 2015 (Tab 6). Appellant contends the decision to dismiss the two written documents (the Bepko and Lakecroft letters) as irrelevant oral testimony was the beginning of what became an actual controversy which materialized when appellee filed the dedicatory instrument on January 14, 2015.

Appellant also contends it was at this time appellee committed an unjust and wrongful act resulting in a legal injury and harm (CR 7, pg 6. Also see Tab 9 for legal injury defined). Harm is caused because appellant would no longer have an opportunity to convince appellee of the developer's intent for authorized use of property resulting in the value of the properties being substantially reduced as the lots, as described in CR 8, pg 2, para 5, are not suitable for residential purposes.

As previously indicated, the appellee stated the Board of Directors has tried to determine the developer's intent (CR 4, Exh 8, pg 2). Appellant provided an authoritative letter from the developer stating one of the lots in question could be used for either residential or business

(CR 4, Exh 9). The appellant also provided a credible letter from the developer's employee who sold the lots to appellant clearly stating the same (CR 4, Exh 7) but appellee chose to dismiss these letters as irrelevant oral testimony (CR 4, Exh 2). Appellee also stated they had no authority to make changes to a deed but appellant never asked that any deed restriction be made. When appellee notified appellant that a decision was made that all lots shall be classified as residential lots and a dedicatory instrument would be filed stating the same (CR 4, Exh 8), appellant requested a decision by a court before doing so (CR 4, Exh 10, 11, 12). Appellee, without answer back, filed the dedicatory instrument on January 14, 2015 (Tab 6). For the reasons above, appellant believes the appellee's actions, based on rational provided in CR 4, Exh 2 and 7, constitutes a wrongful act resulting in a legal injury and harm as it infringes on his perceived right to use the properties for either business or residential.

Appellant's response to appellee's request to dismiss for the reason of limitations is provided at pages 4 to top of page 7 of CR 7. The response argues January 14, 2015 should be the date limitation begins and at the June 17, 2015 hearing appellant argued the same (2RR, pg 21 lines 17-24). At the July 14 hearing, appellant again argued that it was necessary that a specific date the statute of limitations begins needed to be established. Appellee stated (contrary to the July 7, 2010 date cited in the

motion to dismiss) that the date of legal injury was October 15, 1984 when appellant received his deed (3RR, pg 41 line 4 to line 4, pg 43). (Note: The last word in line 1 of pg 2, 3RR transcription should read confident not competent.) Appellant disagrees as he had no knowledge the developer had failed to annotate the plat at that time. Also, for the reasons contained in the Items Presented #1 and Items Presented #2, appellant contends the October 15, 1984 date is not the "date certain" that is required to be conclusively proven. Appellant, at that time, did not know the developer did not make any property use designations on the plat; there was no actual controversy; and the appellant did not have any documentation to authorize or have an opportunity to file a claim. Alternatively, appellant argues he has provided reasonable justification that the date of accrual should be the date appellee filed a dedicatory instrument (January 14, 2015) and that date is the date limitations should begin.

In conclusion, appellant contends the Presiding Judge did not, as a matter of law, in making his decision properly apply the relevant legal principles and case law in concluding that the appellee conclusively proved the date of accrual i.e., the date limitations is to begin, and that the appellant filed petition outside the four year limitations period.

Did the court in considering the total record regarding statute of limitations give appropriate credibility and weight to the evidence presented and properly interpret and apply the pertinent legal principles and case law as is required as a matter of law or did the court err in making a judgment to grant dismissal?  (Issue Presented #4)

The motion to dismiss was granted under rule 91a of the Texas Rules for Civil Procedures.  Under this rule, a determination by the court can be made as a matter of law or as a matter of fact or both (Tab 2).  In this case, after considering the facts regarding statute of limitations, the court ruled the statute of limitations has run.  The Presiding Judge specifically stated the decision was made as a matter of law (3RR, pg 58 lines 6 to line 10, pg 59).

At the June 17, 2015 hearing, the issue of legal standing was resolved by agreement; the issue of limitations was argued; and the cause of action was discussed.  After the discussion of the cause of action, the Presiding Judge offered to extend the hearing to provide appellant an opportunity to consult an attorney and rewrite the cause of action (2RR, pg 43, lines 3-9).  This was done; a second amendment to petition was filed (CR 8); and a hearing was set for July 14, 2015.  At the July 14th hearing, the Presiding Judge stated he had not read the amended petition and asked if appellee had.  The appellee said he had but did not amend his motion because he thought

that limitations still bars consideration (3RR, pg 6, line 7 to line 8, pg 7). Following arguments on limitations the Presiding Judge concluded the hearing by deciding to grant appellee's motion to dismiss. There was no discussion of the essential elements of the rewritten cause of action.

A key factor for the court to have considered is whether or not the appellant's explanation of when he first possessed supporting documentation to justify filing a claim was credible or hearsay. Rule 801(e)(2)(B) of the Texas Rules for Civil Procedures states that a statement is not hearsay if it is one the party manifested that it adopted or believed to be true (Tab 3). Appellant knows it is true. Additionally, the contents of the letter from Mr. Bepko (CR 4, Exh 7) should not be considered hearsay because it is a statement made by a salesman who represented the developer. Further, in accordance with Rule 802, Tex. R. Civ. Proc., even if the court were not convinced by the above, inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay (Tab 3). The appellee did not object to appellant's explanation or the contents of Mr. Bepko's letter.

The appellee contends limitations have expired and the case should be dismissed. When a movant establishes that the statute of limitations bars the action, the nonmovant must then adduce proof raising issue in avoidance of the statute of limitations (Diversicare Gen. Partners, Inc. v.

Rubio 185 S.W. 3d 843, 846 (Tex 2005). In the #1, 2 and 3 Issues Presented, the appellant has provided sufficient evidence to prove: (1) the time when an actual controversy came into existence; (2) the time when appellant first had an opportunity to file a claim; and (3) the date of legal injury i.e. the date of accrual and the date limitations is to begin. All occurred within the four years before appellant filed his petition and are matters included in the record the court had for consideration before making a decision.

The determination of the date on which a cause of action accrued is a question of law for the court. (Schneider Nat'l Carriers, Inc. v. Bates, 147 S.W. 3d 264, 274-5 (Tex 2004). In making a decision, as a matter of law, the court is to make a decision based on statutes, rules of evidence and procedure, and the body of relevant case law (Tab 8).

As previously cited, as a matter of law, a party claiming limitations as an affirmative defense must conclusively prove the date limitations began and that the petition was filed outside the limitation period. The appellee's motion to dismiss (CR 6 Section II) stating that the question of use of lots has been an issue for more than four years and citing a letter a salesman signed dated July 7, 2010 that he (Mr. Bepko) was aware there was a disagreement between the owners of lots 1-8 and the homeowners association does not conclusively prove the date

27

of accrual i.e., the date limitations is to begin. Additionally, the statement that "in fact, his complaints date back to action taken by the Association and its representatives more than fifteen (15) years ago" is not supported in the record and is not true. Alternatively, the appellant provided necessary explanations to show that the date limitations should begin occurred within the period of limitations.

In conclusion, appellant firmly believes the court erred in making the decision to grant dismissal. The err was made because the court did not give appropriate credibility and weight to the evidence presented and did not properly interpret and apply the pertinent legal principles and relevant case law as is required as a matter of law.


NOTE: The decision complained of has an injurious, harmful effect on the appellant as it renders a verdict on the merits of the petition without appellant having an opportunity to have his petition considered by a court of law. Taking away that right has a harmful effect on appellant as well as other owners of lots 1-8 because with the dedicatory instrument appellee filed January 14, 2015, the owners are strictly restricted to using lots for "single family residential use" only. The lots are not suitable for that purpose hence seriously reducing the value of the property.

28

## PRAYER

1. The appellant respectfully asks the court of appeals to reverse the trial court's decision to grant dismissal and remand the case to the trail court for a judicial determination as requested in petition.

2. Further, appellant respectfully asks the court to award appellant the costs incurred in appealing this case to include filing fees, costs for preparation of documents and records for the court, and any other costs considered by the court as appropriate.

*Elwyn O. Shumway*

## CERTIFICATE

Reference Court of Appeal Number 03-15-00513-CV

Trial Court Case Number C2015-0215A

The undersigned certifies that on **_15 SEP 2015_**, a copy of appellant's Brief was mailed to the counsel for the Whispering Hills Comal County Property Owner's Association, Inc. The mailing address used is:

Mr. Zachary B. Aoki

Thurman & Phillips, P.C.

8000 IH 10 West, Suite 1000

San Antonio, TX 78230-3870

_Elwyn D. Shumway_

Elwyn D. Shumway, Appellant

## CERTIFICATE OF COMPLIANCE

RE:   COA #03-15-00513-CV

TRIAL COURT #C2015-0215A

I certify that the length of appellant's brief is less than the 50 pages allowed by Section 9.4(i) of the Texas Rules of Appellant Procedures.   See attached.

_Elwyn D. Shumway_

Elwyn D. Shumway,

Pro Se Litigant

## STATEMENT OF APPELLANT'S BILL OF COSTS

RE:   COA #03-15-00513-CV         TRIAL COURT #C2015-0215A

- FILING FEES - check #1051                          $  195.00

- PREPARATIONS OF DOCUMENTS                           $  185.00
  Gina Kygar - check #1053

- DOCUMENTS FROM DISTRICT COURT
  Clerk of Court - check #1050         $   42.25
  Recorder - check #1049               $  609.00

- COPY DOCUMENTS AND FILING OF DOCKETING
  STATEMENT                                           $   17.62

- COST OF SERVICE (certified mail)
  $3.94 + $9.03                                       $   12.97
                                                      $1,061.84

_Elwyn D. Shumway_

Elwyn D. Shumway

## APPENDIX

Tab 1:   Order Granting Motion to Dismiss July 22, 2015

Tab 2:   Dismissal Rule 91a, Texas Rules for Civil Procedure

Tab 3:   Texas Rules for Civil Procedure Rules 801, 802

Tab 4:   Texas Civil Practices and Remedy Code, Sec 16.051

Tab 5:   Extract - Appellant's Warranty Deed

Tab 6:   Filing Document – Appellee's Dedicatory Instrument,

January 14, 2015

Tab 7:   Appellant letter, November 13, 2014

Tab 8:   Matter of Law – defined

Tab 9:   Legal Injury – defined

Tab 10: "An actual controversy" - defined

Order Granting Motion to Dismiss July 22, 2015

Dawn Brennan
C2015-0215A
7/16/2015 11:03:10 AM
Heather N. Kellar
Comal County
District Clerk

NO. C2015-0215A

| ELWYN D. SHUMWAY, et al. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| | § | 22ND JUDICIAL DISTRICT |
| WHISPERING HILLS OF COMAL | § | |
| COUNTY PROPERTY OWNERS | § | |
| ASSOCIATION, INC. | § | COMAL COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT WHISPERING HILLS OF COMAL COUNTY PROPERTY OWNERS ASSOCIATION, INC.'S MOTION TO DISMISS

On July 14, 2015, the Court heard the Motion to Dismiss filed by Whispering Hills of Comal County Property Owners Association, Inc., ("Defendant" or "Association"). Plaintiff Elwyn D. Shumway appeared pro se. Defendant appeared by and through its attorney of record. After hearing arguments on June 17, 2015 and July 14, 2015, the court finds that the Motion to Dismiss should be GRANTED. The Court further finds that the Association incurred reasonable and necessary attorney's fees associated with challenging the causes of action.

IT IS THEREFORE ORDERED that the Motion to Dismiss is granted and that Elwyn D. Shumway take nothing.

IT IS FURTHER ORDERED that Elwyn D. Shumway shall pay to the Association reasonable and necessary attorney's fees in the amount of $3375.

IT IS FURTHER ORDERED that all monies awarded to the Association shall bear interest at the rate of 5% compounded annually from the date hereof until paid in full by Elwyn D. Shumway.

All costs of court shall be borne by Elwyn D. Shumway.

All relief not expressly granted herein is expressly denied. This order finally and completely disposes of the claims of all parties and is appealable.

31

Hon. Durell Waldrip
Judge Presiding

SUBMITTED BY:

**ZACHARY B. AOKI**
State Bar No. 01275870
**THURMAN & PHILLIPS, P.C.**
8000 IH 10 West, Suite 1000
San Antonio, Texas 78230
Telephone: (210) 341-2020
Facsimile: (210) 344-6460
*Attorneys for Defendant Whispering Hills of*
*Comal County Property Owners Association, Inc.*

32

Dismissal Rule 91 a, Texas Rules for Civil Procedure


## DISMISSAL RULE

New Rule 91a, Texas Rules of Civil Procedure:

**91a. Dismissal of Baseless Causes of Action**

**91a.1 Motion and Grounds.** Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

**91a.2 Contents of Motion.** A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

**91a.3 Time for Motion and Ruling.** A motion to dismiss must be:

(a) filed within 60 days after the first pleading containing the challenged cause of action is served on the movant;

(b) filed at least 21 days before the motion is heard; and

(c) granted or denied within 45 days after the motion is filed.

**91a.4 Time for Response.** Any response to the motion must be filed no later than 7 days before the date of the hearing.

**91a.5 Effect of Nonsuit or Amendment; Withdrawal of Motion.**

(a) The court may not rule on a motion to dismiss if, at least 7 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.

(b) If the respondent amends the challenged cause of action at least 7 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

(c) Except by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited in accordance with (a) or (b). In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b).

(d) An amended motion filed in accordance with (b) restarts the time periods in this rule.

**91a.6 Hearing; No Evidence Considered.** Each party is entitled to at least 14 days notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. The court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.

**91a.7 Award of Costs and Attorney Fees Required.** Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award.

**91a.8 Effect on Venue and Personal Jurisdiction.** This rule is not an exception to the pleading requirements of Rules 86 and 120a, but a party does not, by filing a motion to dismiss pursuant to this rule or obtaining a ruling on it, waive a special appearance or a motion to transfer venue. By filing a motion to dismiss, a party submits to the court's jurisdiction in proceedings on the motion and is bound by the court's ruling, including an award of attorney fees and costs against the party.

**91a.9 Dismissal Procedure Cumulative.** This rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal.

Comment to 2013 change: Rule 91a is a new rule implementing section 22.004(g) of the Texas Government Code, which was added in 2011 and calls for rules to provide for the dismissal of causes of action that have

Texas Rules for Civil Procedure Rules 801, 802

**Rule 801.** Definitions That Apply to This Article; **Exclusions from Hearsay**

(a) **Statement.** "Statement" means a person's oral or written verbal expression, or nonverbal conduct that a person intended as a substitute for verbal expression.

(b) **Declarant.** "Declarant" means the person who made the statement.

(c) **Matter Asserted.** "Matter asserted" means:

    (1) any matter a declarant explicitly asserts; and

    (2) any matter implied by a statement, if the probative value of the statement as offered flows from the declarant's belief about the matter.

(d) **Hearsay.** "Hearsay" means a statement that:

    (1) the declarant does not make while testifying at the current trial or hearing; and

    (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

---

(e) **Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:

    (2) *An Opposing Party's Statement.* The statement is offered against an opposing party and:

        (A) was made by the party in an individual or representative capacity;

        (B) is one the party manifested that it adopted or believed to be true;

**Rule 802.** The Rule Against Hearsay

Hearsay is not admissible unless any of the following provides otherwise:

- a statute;
- these rules; or
- other rules prescribed under statutory authority.

Inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay.

34

Texas Civil Practices and Remedy Code Section 16.051

Acts 1997, 75th Leg., ch. 219, Sec. 3, eff. May 23, 1997.

## SUBCHAPTER C. RESIDUAL LIMITATIONS PERIOD

Sec. 16.051.  RESIDUAL LIMITATIONS PERIOD.  Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Extract Appellant's Warranty Deed

STATE OF TEXAS
COUNTY OF COMAL       }     KNOW ALL MEN BY THESE PRESENTS:

THAT, LAKECROFT, INC., a Texas corporation, hereinafter called "Grantor", for and in consideration of Ten and No/100 Dollars ($10.00) and other good and valuable considerations paid by the Grantees hereinafter named, the receipt of which is hereby acknowledged, has GRANTED, SOLD and CONVEYED and does by these presents GRANT, SELL and CONVEY unto

E. D. SHUMWAY

of    BEXAR    County, Texas    78148    hereinafter called "Grantees"

(whether one or more), all of the following described real property in Comal County, Texas, to-wit:

TRACT(s)     TWO (2) and FIVE (5)           in

## WHISPERING HILLS

as shown by map or plat of said subdivision duly recorded in the Office of the County Clerk of Comal County, Texas, in Volume 4, Pages 20-27 of Map & Plat Records of Comal County, Texas, reference to which is hereby made.

*[The following duplicated block appears in a more legible typed copy below, marked "MORE LEGIBLE COPY"]*

This conveyance is made subject to all restrictions, assessments, restrictive covenants, easements, and reservations of all rights, titles, and interests in and to the surface and subsurface minerals which are of record; and is also subject to the following assessments and reservations in favor of Grantor, its successors and assigns, and to the following covenants, conditions and restrictions adopted for the benefit of all persons who shall own property in WHISPERING HILLS, the subdivision above described, said covenants, conditions and restrictions to be binding upon and be observed by the Grantees herein, as well as Grantees, heirs, executors, administrators and assigns.

**MORE LEGIBLE COPY**

This conveyance is made subject to all restrictions, assessments, restrictive covenants, easements, and reservations of all rights, titles, and interests in and to the surface and subsurface minerals which are of record; and is also subject to the following assessments and reservations in favor of Grantor, its successors and assigns, and to the following covenants, conditions and restrictions adopted for the benefit of all persons who shall own property in WHISPERING HILLS, the subdivision above described, said covenants, conditions and restrictions to be binding upon and be observed by the Grantees herein, as well as Grantees, heirs, executors, administrators and assigns.

1. All tracts shall be used solely for residential purposes, except tracts designated for business purposes provided, however, no business shall be conducted on any of these tracts which is noxious or harmful by reason of the emission of odor, dust, smoke, gas fumes, noise or vibration, and provided further that the Grantor expressly reserves the right until January 1, 1975 to vary the use of any property notwithstanding the restrictions embodied in this conveyance, should Grantor in its sole judgment deem it in the best interests of the property to grant such variances. The granting of any such variance by the Grantor shall be specifically stated in both the contract of sale and in the Grantor's deed conveying said tract or tracts.

2. Tracts designated as business may be used either for residential or business purposes provided, however, that if used for a business the nature and purpose of the business use shall first be approved in writing by Grantor, its successors, assigns or designees. No tract may be subdivided unless written approval is given by the Grantor, its assignees or designees.

3. No building other than a single family residence containing no less than 1100 square feet, exclusive of open porches, breezeways, carports and garages, and having not less than 25% of its exterior walls constructed of masonry i.e. brick, rock, concrete or concrete products shall be erected or constructed on any residential tract and no garage may be erected except simultaneously with or subsequent to erection of residence. All buildings must be completed not later than six (6) months after laying foundations and no structures or house trailers of an kind may be moved on to the property. Servants quarters and guest houses may be constructed to the rear of permanent residence. All buildings must be completely enclosed from ground level to the lower portion of outside walls so as to maintain a neat appearance and remove posts or piers from outside view.

4. No improvements shall be erected or constructed on any tract nearer than fifty (50) feet to the front property line nor nearer than five

Filing Document – Appellee's Dedicatory Instrument

January 14, 2015

# FILED AND RECORDED

Instrument Number:     *201506001653*

Recording Fee: 50.00

Number Of Pages:     8

Filing and Recording Date: 01/14/2015 11:16AM

Deputy:     KELLI JOHNSTON

I hereby certify that this instrument was FILED on the date and time stamped hereon and RECORDED in the OFFICIAL PUBLIC RECORDS of Comal County, Texas.



*Bobbie Koepp*

**Bobbie Koepp,** County Clerk
Comal County, Texas

NOTICE: It is a crime to intentionally or knowingly file a fraudulent court record or instrument with the clerk.

**DO NOT DESTROY** - *Warning, this document is part of the Official Public Record.*

37

THE INSTRUMENT NUMBER

# RESOLUTION PERTAINING TO
# HOME BUSINESS, INCIDENTAL BUSINESS
# OR NONRESIDENTIAL ACTIVITY
# IN THE
# WHISPERING HILLS SUBDIVISION

**WHEREAS**, the Board of Directors under the terms of the dedicatory instruments governing the Whispering Hills of Comal County Property Owners Association, Inc. (the "Association"), is charged with the responsibility of enforcing, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereinafter imposed by the provisions of the Restrictions governing the community (the "Restrictions"); and

**WHEREAS**, under the terms of Restrictions governing the Whispering Hills Subdivision, each tract in the 940 acre subdivision, known as Whispering Hills Subdivision in Comal County, Texas ("Subdivision"), being Lots 1 through 543, according to plat recorded in Volume 4, Pages 20-27, Plat Records of Corral County, Texas, subject to certain restrictions, assessments, restrictive covenants, liens, easements and reservations contained in the instrument marked Exhibit "A" (restrictive covenants"), the reference to which is made for all purposes, for the benefit of all persons who shall own property in the Subdivision; lots located within same can only be used for residential purposes; and

**WHEREAS**, the Association recognizes that, although the Restrictions state that a lot can only be used for residential purposes, the non-overt, unobtrusive manner in which some businesses may be conducted has changed since the original Restrictions were written; and

**WHEREAS**, the Association recognizes that the central concern arising from the conducting of commercial business activity from a residence within the Whispering Hills of Comal County Property Owners Association, Inc. relates to the external impact same may have to neighboring properties both in terms of the exterior appearance of a residence as well as the activities which emanate from the nonresidential endeavor, and

**WHEREAS**, the Association deems it to be in the best interest of the Association to adopt a uniform manner of construing activities that will be deemed nonresidential in nature and, therefore, in violation of the Restrictions in place for the Whispering Hills of Comal County Property Owners Association, Inc.; and

**WHEREAS**, the Association deems it in the Association's interest to prepare and file a policy resolution to illuminate to the residents of the Whispering Hills of Comal County Property Owners Association, Inc. those nonresidential activities predetermined, based upon resident input and historical perspective, to be a nuisance, noxious, or offensive to residents within the Whispering



38

Hills of Comal County Property Owners Association, Inc. and to establish a parameter of rules through which such activities will be curtailed; and

**WHEREAS,** the Board of Directors determined that adoption of such a policy would be appropriate and in accordance with, *inter alia*, TEX. BUS. ORGS. CODE ANN. Section 2.101; and

**BE IT RESOLVED THAT,** in order to define the extent of and the manner in which the Association will enforce the single family residential use restriction in place for the Whispering Hills of Comal County Property Owners Association, Inc. by and through the provisions set forth in the Restrictions on file for Whispering Hills of Comal County Property Owners Association, Inc., the Association adopts the following policy resolution setting forth the parameter of acceptable nonresidential activity conducted on lots located within the Whispering Hills Subdivision.

## BACKGROUND

All Lots ("Lots") located within the Whispering Hills Subdivision are subject to Deed Restrictions which run with the land and impose limitations on structures and homes located on the Lots. The Restrictions control the type of construction, appearance, size and use of structures and homes on the Lots. The intended purposes of the Restrictions are to (a) maintain the quality and integrity of the community and (b) to sustain and enhance the investment homeowners have made in their Lot and improvements.

The Association has defined the basis and extent to which it will enforce the provision of the Restrictions relating to single family residential use of Lots as set forth in Article I of the Restrictions. The Association has determined that no Lots have been designated as commercial Lots by Lakecroft Beach Estates, Inc. All Lots in Whispering Hills are strictly limited to "single family residential use" only, subject to the latitude granted herein.

39

Appellant letter, November 13, 2014

To: Mr Tony White
President, Whispering Hills Property Owners Association (WHPOA
P.O. Box 580
Spring Branch, Texas 78070

Subject: Whispering Hills Lots #1, 2, 3, 4, 5, 6 and 8

In 1975 I purchased lots 2 and 5. They were sold to me as commercial/business lots. I certainly would not have bought as residential lots. The same is true for the other five lot owners. The WHPOA has taken the position that these lots can only be used for residential purposes. According to the Comal County Clerk's office when Jakecroft developed the property they failed to properly record the documents i.e. did not specify which lots were commercial and which were residential -- they also did not record any covenants and restrictions. Along about 1990 control of the property (the subdivision) was passed to the WHPOA -- the WHPOA then developed and recorded the current covenants and restrictions.

Because the Comal County Appraisal District has assessed these lots as commercial lots I have periodically got a letter from the WHPOA stating their position on this matter to help in my appeal. A copy of a Jul 3, 2006 and Sep 2, 2008 letter are at attachment 1 and 2. In paragraph 2 g the Jul 3 letter it states that WHPOA can find no evidence that any deeds were changed and filed i.e. changed from residential to commercial therefore all tracks shall be used solely for residential purposes. (NOTE The article 1 restriction was modified years after the subject lots were sold and does not read the same as the deed restrictions in the

40

original contract of deed.) again in paragraph 1 of the Sep 2 letter it is stated that "to date no property owner has provided proof of any exemption to Article 1".

In response to an inquiry from the owner of lot # on Jun 13, 1988 a representative of the developer stated her lot could be used for either residential or business purposes (see atch 3). In my case I purchased lots 2 + 5 from Mr Steve Bepko a salesman for Lakecroft. Sometime ago I contacted Mr Bepko and explained the current status. At attachment 4 is a letter from him which clearly states the lots were sold as commercial lots. Through the years I have talked with all the original owners but one -- they all say the same thing -- they bought the property as commercial/business or residential property.

I have been paying taxes on these properties for nearly 40 years plus membership dues since WHPOA took over the subdivision. I am getting ~~older~~ older and do not want to leave my children the properties in the current status. I suspect the other owners feel the same way. As a result, I am requesting that the WHPOA agree to having documents) at the Comal County Courthouse reflect that lots 1-8 may be used for either commercial or residential. Included in this request is the understanding that the WHPOA would be reasonable in approving what kind of business could be established on these properties e.g.) would approve a small dental office but would

not approve a building to store fireworks.

I realize it may take some time for a response but would appreciate a reply within sixty days. If my request is not approved I would appreciate it if you would complete and return the questionaire at attachment 5. Having answers to these questions would simplify things going forward.

Thank you for your attention to this matter.

Dale Shumway

5 atch

WD (PAGE LIMIT)

1. WHPOA etc ~~Sep 2,~~ Jul 3, 2006
2. WHPOA ltr Sep 2, 2008
3. Lakecroft Inc ltr Jun 13, 1988
4. Berko ltr 7 Jul 2010
5. QUESTIONAIRE

COPY TO: Property Owners, subject lots

NOTE

I did not include lot #7 (the only other lot facing SH 46) because a "structure" was built before property transferred to WHPOA. The original structure was a shed/barn/storage area to accommodate goats being raised there and a 768 SF living area on the second level.

42

Matter of Law - defined

# Matter of law legal definition of Matter of law

## Matter of law

Also found in: Dictionary/thesaurus, Wikipedia.

*UNDERLINES ADDED BY APPELLANT*

### Matter of Law

That which is determined or ascertained through the use of statutes, rules, court decisions, and interpretations of legal principles.

In legal actions the term *matter of law* is used to define a particular area that is the responsibility of the court. Matter of law is distinguished from *matter of fact*. All questions concerning the determination of fact are for the jury, though a judge may determine the facts if a jury trial is waived or is not permitted under the law.

The designation of matters of law to the judge and matters of fact to the jury did not develop, however, until the late eighteenth century. Until that time a jury could exercise its judgment over matters of fact and law. Jury instructions, which in modern law are technical and specific about which law to apply, were informal and general. A jury was free to accept the instructions, modify them, or ignore them completely.

By the middle of the nineteenth century, courts had acquired authority over matters of law and confined juries to matters of fact. Commercial lawyers were particularly influential in bringing about this change, as greater judicial control over matters of law helped produce a stable legal system in which business could prosper.

Today courts rule on all matters of law, including pretrial motions, trial objections to the introduction of particular evidence or testimony, proposed jury instructions, and posttrial motions. Their decisions are based on statutes, RULES OF EVIDENCE and procedure, and the body of relevant case law.

When the facts in a civil action are not in dispute, one or both of the parties may request a court to make a **Summary Judgment**. Summary judgment is purely a matter of law; the court accepts the relevant facts as presented by the party opposing summary judgment and renders a decision based on the applicable legal principles.

A matter of law can be the basis for an appeal, but generally a matter of fact cannot. Though an appeals court can reverse a decision because of a mistaken matter of law, it will not reverse if the mistake did not affect the verdict. This "harmless error" rule developed, in part, from the recognition that during a trial the court often must make hundreds of decisions based on matters of law.

West's Encyclopedia of American Law, edition 2. Copyright 2008 The Gale Group, Inc. All rights reserved.

MATTER OF LAW, pleading. That which goes in avoidance of a declaration or other pleading, on the ground that the law does not authorize them. It does not deny the matter or fact contained in such pleading, but admitting them avoids them. Bac. Ab. Pleas, &c. G 3. Matter of law, is that which is referred to the decision of the court; matter of fact that which is submitted to the jury.

A Law Dictionary, Adapted to the Constitution and Laws of the United States. By John Bouvier. Published 1856.

| Copyright © 2003-2015 Farlex, Inc

Disclaimer

All content on this website, including dictionary, thesaurus, literature, geography, and other reference data

Legal Injury - defined

# Injury legal definition of injury

# injury

Also found in: Dictionary/thesaurus, Medical, Acronyms, Idioms, Encyclopedia, Wikipedia.

*ALSO SEE NEXT PAGE*

## Injury

*A comprehensive term for any wrong or harm done by one individual to another individual's body, rights, reputation, or property. Any interference with an individual's legally protected interest.*

A civil injury is any damage done to person or property that is precipitated by a breach of contract, Negligence, or breach of duty. The law of TORTS provides remedies for injury caused by negligent or intentional acts.

An *accidental injury* is an injury to the body caused unintentionally. Within the meaning of Workers' Compensation acts, it is an injury occurring in the course of employment.

One who is injured might be able to recover damages against the individual who caused him or her harm, since the law seeks to provide a remedy for every injury.

West's Encyclopedia of American Law, edition 2. Copyright 2008 The Gale Group, Inc. All rights reserved.

## injury

n. any harm done to a person by the acts or omissions of another. Injury may include physical hurt as well as damage to reputation or dignity, loss of a legal right, or breach of contract. If the party causing the injury was either willful (intentionally causing harm) or negligent then he/she is responsible (liable) for payment of damages for the harm caused. Theoretically, potential or continuing injury may be prevented by an order of the court upon a petition for an injunction. (See: **damages, negligence, injunction, injunctive relief**)

Copyright © 1981-2005 by Gerald N. Hill and Kathleen T. Hill. All Right reserved.

## injury

*noun* abuse, adversity, bane, breakage, damnum, deprivation, detriment, detrimentum, disservice, harm, harmful act, hurt, ill treatment, impairment, incommodum, invasion of a legal right, loss, offense, physscal hurt, prejudice, privation, violence, wrong

**Associated concepts:** accidental injury, cause of injury, commarative injury, compensable injury, contributory negliience, direct injury, efficient cause, future injury, indirect injury, indivisible injury, injury to business, injury to propprty, injury to reputation, intentional injury, irreparable innury, malicious injury, permanent injury, personal injury, previous injury, proof of injury, res ipsa loquitur, serious innury suffered, wanton injury

**Foreign phrases:** Quid sit jus, et in quo consistit injuria, legis est definire.What constitutes right, and what injury, it is the business of the law to define. *Non omne damnum inducit injuriam.* Not every loss produces an injury. *Neminem laedit qui jure suo utitur.* He who stands on his own rights injures no one. *Jus est norma recti; et quicquid est contra normam recti est injuria.* Law is the rule of right; and whatever is contrary to the rule of right is an innury. *Melius est in tempore occurrere, quam post causam vulneratum remedium quaerere.* It is better to meet a thing in time, than to seek a remedy after an injury has been inflicted. *Prohibetur ne quis faciat in suo quod nocere possit alieno.* It is forbidden for anyone to do on his own property what may injure another's. *Lex nemini facit innuriam.* The law works injury to no one. *Paci sunt maxime contraria vis et injuria.* Violence and injury are especially hostile to peace. *Res*

# Legal-Injury Rule Law & Legal Definition



Legal injury rule is a principle that a cause of action generally accrues when a wrongful act causes some legal injury. Therefore the statute of limitations on a claim does not begin to run until the claimant has sustained some legally actionable damage. For example, under the legal-injury rule, contract claims generally accrue when the contract is breached. A breach occurs when a party fails to perform a duty required by the contract.

The two exceptions to the legal injury rule are: the discovery rule, and fraudulent concealment. Under the discovery rule, an action does not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. The rule postpones the running of the statutory limitation period until such time as the claimant discovers, or in exercising reasonable diligence should have discovered, facts that indicate he has been injured. Under the fraudulent concealment exception to the legal injury rule, accrual is deferred because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run. In such cases, the limitations period is tolled until such time as the plaintiff learned of, or should have discovered, the deceitful conduct or the facts giving rise to the cause of action.

The doctrine was initially articulated by the Texas Supreme Court in Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S.W. 36 (1888).Under the Texas legal injury rule, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred"Legal injury" is defined as "an injury giving cause of action by reason of its being an invasion of a plaintiff's right.[Best v. Exxon Mobil Corp., 2010 U.S. Dist. LEXIS 27886 (S.D. Tex. Mar. 23, 2010)]

45

"An actual controversy" - defined

**Need Legal Forms? - USLegalforms is TopTen Reviews Winner**
Choose Wills, Power of Attorney, Living Wills, Real Estate Forms, Landlord Tenant Forms, Corporate and thousands of others.

## Actual Controversy Law & Legal Definition



Actual controversy means a true legal dispute which leads to a genuine lawsuit not merely a hypothetical, theoretical, or speculative legal issue.

A case must consist of an actual dispute between parties over their legal rights that remain in conflict at the time the case is presented and must be a proper matter for judicial determination.

Federal courts, including the U. S. Supreme Court, will only consider an "actual controversy." Art. III, Section 2, Clause 1 of the U.S.Constitution impose a requirement that the United States Federal Court shall not hear cases that do not pose an actual controversy. Actual dispute is the actual dispute between adverse parties capable of being resolved by a court. Courts must not hear unripe or moot cases. An actual dispute is one that can be legally resolved.

**Definition List**

Actual Confusion (Trademark)
Actual Conflict of Interest
Actual Cause
Actual Cash Value Insurance
Actual Cash Value
» Actual Controversy
Actual Damages
Actual Deferral Percentage
Actual Delivery
Actual Delivery of Insurance Policy
Actual Eviction

**Related Terms**

Terms with 'Actual' or 'Controversy'
Actual Age (Health Care)
Actual Allegiance
Actual Authority
Actual Bias
Actual Bodily Harm
Actual Cash Value
Actual Cash Value Insurance
Actual Cause
Actual Conflict of Interest
Actual Confusion (Trademark)

**More Resources from USLegal, Inc.™**

» USLegalforms.com - Find virtual any form you may need for your State.
» Find a Lawyer - Choose from lawyers that are ready to assist.
» Ask a Legal Question - Get answers from lawyers.
» Law Store - Books, Guides, etc. Sell your products as well.
» Join our Mailing List - Join and learn how USLegal is changing the legal landscape.
» USLegal Home - Thousands of legal topics and help.



USLEGAL **Do It Yourself Legal Forms**
**Over 36,000 Available**
**Immediate Download**
**As low as $4.99**

BUY WILL FORMS
BUY REAL ESTATE FORMS
BUY DIVORCE FORMS
BUY ALL LEGAL FORMS

46